NicholsON, C. J.,
delivered tbe opinion of tbe Court.
Complainant alleges that he is the owner of four small judgments against defendant, as administrator of Jabin Cantrell, deceased, amounting in all to $51, on which executions have issued and been returned nulla bona. He also alleges that defendant has been guilty of wasting and appropriating the assets of the estate, specifying various instances of devastavit, and praying that the administrator be decreed to be individually responsible for the satisfaction of complainant’s judgments.
Defendant pleads the . pendency of a former suit by the distributees of his intestate, in which the same allegations of devastavit are made against him as in the present bill; that the two suits are prosecuted for substantially the same causes; and that an account of his administration has been ordered in the first suit, and that the same is still pending; all which he pleads as .an answer and bar to complainant’s bill.
To this plea is appended an affidavit of defendant, with a certificate of the Deputy of the Clerk and Master, that the same was “sworn and subscribed to” by defendants.
The Chancellor referred the plea to the Clerk and Master for a report, as to whether the two suits were for the same causes of complaint, who reported that the two cases were substantially for the same devastavits, making the proceedings in the former suit a part of his report. Exceptions were filed by complainant to the *219 report, wliicli were overruled by the Chancellor, the report confirmed, and the bill dismissed; from which decree of dismissal complainant appeals to this Court-
Two objections are relied on here for the reversal of the action of the Chancellor.
First, That the plea is not sufficiently verified as a plea in abatement. But' a plea of former suit is not treated in the works on equity pleading as strictly a plea in abatement, but in the nature of a plea in bar; therefore, it need not be sworn to: 1 .Dan’l Ch. PI. and Pr., 662; Bea. on PL, 160; Story Eq. PL, § 735 to 743.
The other objection is, that the complainants in the first suit are the distributees seeking to make the administrator personally liable for their distributive shares, on the ground of waste of the assets; whereas, in the second suit the complainant is a creditor, seeking to make the administrator personally liable for his debt, on the ground that he wasted the assets. The only difference in the two suits is, that in the one case the distributees of the intestate sue, and in the other a creditor sues. They make the same allegations of waste, and seek to secure the same object, and through the same channel.
It is clear, if the complainants in the first bill obtain a decree, the amount found in the hands of the administrator -will not be decreed to complainants until the debts of the intestate shall be first satisfied. This suit, therefore, is not simply to recover their distributive shares; but to ascertain the amount of the devastavit, first for the benefit of creditors, and then for the satisfaction of their distributive shares out of the residue. The re- *220 suit is, tbat tbe second suit was wholly unnecessary, and only calculated to accumulate costs. The creditor bad nothing to do but to await the result of the first suit, and then file his claim for satisfaction; or, if he saw proper, to have made himself a party to the first suit by petition, or even by motion. 1 Dan’l. Ch. PL and Pr., 659.
The decree of the Chancellor is affirmed, with costs.