## W. MONTGOMERY *vs.* OLWELL BROS.

### April Term, 1873.

PLEADING—PLEA OF FORMER SUIT PENDING.— The provision of the Code, § 4393, which requires the complainant to set down for argument any plea which he conceives to be naught either for the matter or the manner of it, or to take issue upon it if he thinks it good, applies to a plea of a former suit pending.

PRACTICE—PLEAS.—The setting a plea for hearing on its sufficiency, or taking issue upon it, is a step necessary to the progress of a cause, and a rule may be made on the complainant to take the necessary step, under the Code, § 4390, during the term.

PRACTICE—PLEA OF FORMER SUIT.—By rule of court in England, upon the filing of a plea of former suit pending, the complainant, and by a rule in New York the defendant was required to procure a reference to the master to look into the two suits and report whether they are for the same matter. In the absence of any rule in this state, perhaps the court might make a special order in the particular case.

*Wm. G. Brien*, for complainant.
*John Ruhm*, for defendants.

THE CHANCELLOR :—To the complainant's bill, filed during the present term, the defendants put in a plea of a previous suit pending in this court between the same parties and

for the same matter. The complainant having taken no action on this plea, the defendants now move the court for a rule on him to procure a reference to the master to look into the two suits, and to report whether or not they are both for the same matter. According to the general order of the English chancery court, the reference to the master upon such a plea is to be procured by the *plaintiff*, and a report thereupon within one month after the filing of such plea, otherwise the bill to stand dismissed of course with costs. Story Eq. Pl., § 743. By the New York Rules, the *defendant* was required to procure the reference. 1 Hoff. Ch. Pr. 225. As we have in this state no such general orders as those upon which the practice in England and New York is based, it was thought that the court could supply it by a special order in the particular case. And this seems to be the course pursued in *Green* v. *Neal*, 2 Heisk. 217. But upon examination it will be seen that the mode of procedure upon pleas in chancery is regulated by the Code. Section 4393 provides : "If the plaintiff conceives any plea or demurrer to be naught, either for the matter or the manner of it, he may set it down with the clerk to be argued ; or, if he think the plea good but not true, he may take issue upon it, and proceed to trial." This provision is general and applies to all pleas without distinction. The anomaly in the mode of procedure upon a plea of the character of the one filed in this case, noticed and commented on in Story's Eq. Pl. § 744, is also done away with by this section of the Code. The complainant has the right to set the plea for hearing on its sufficiency, or to take issue upon it. This is clear, but it is not so clear within what time his election should be made, nor how it may be hastened. Section 4394 of the Code is : " A demurrer or a plea shall be set for argument at the first term." It might be argued that this language implied that the complainant has the whole term within which to set a plea or demurrer for argument. But the true meaning of it is that if the complainant fail to set the plea or demurrer for hearing at the first term, the defendant has the right to con-

sider·the sufficiency of his plea or demurrer as admitted, and to act accordingly. It does not necessarily follow that the defendant may not, if he see proper, hasten the complainant's action.

For the prompt dispatch of business it is provided by the Code, § 4389, that the defendant may make a rule in the clerk's office on the complainant to take any step necessary to the progress of the cause, of which rule the clerk is required to give immediate notice to the party interested, or his counsel. Section 4390 is : " If the party, upon whom such rule is made, fail to take the necessary step, the Chancellor, *at the next term*, unless good cause be shown for the failure, shall make a peremptory rule, fixing the time within which the step shall be taken, and if not so taken, the cause shall be dismissed." The literal wording of this section would imply a rule in the master's office in vacation, and a peremptory rule in court at the next term. But a rule in the clerk's office at any time during the term would be within the spirit of the law, and a failure to comply with it upon the allowance of a reasonable time would justify an application to the Chancellor, the continuing term being the " next " or nearest term within the meaning of the section. These provisions of the Code are binding upon the court. The setting a plea for hearing on its sufficiency or taking issue upon it, is a "step necessary to the progress of a cause." The motion cannot be entertained, therefore, without showing that the preliminary rule has been first taken in the clerk's office.