MACEY & HAMILTON and others *vs.* T. B. CHILDRESS and T. O. HARRIS.

April Term, 1874.

PRACTICE—PLEA OF FORMER SUIT PENDING—SUFFICIENCY.—The sufficiency of the plea of a former suit pending may be tested by setting it for hearing, like other pleas.

PLEA OF FORMER SUIT PENDING—NATURE AND FORM.—The plea of former suit pending is so far in the nature of a plea in abatement that it must be accurate in form, and positive in statement.

SAME—IDENTITY OF FORMER SUIT.—It is not sufficient to the validity of the plea of former suit pending that the subject-matter and issue in the two suits are the same, but the purpose and object must be identical, and where the parties are not the same the plea must show that the first suit has progressed to a decree.

SAME—TRUST DEED—SUIT BY MAKER AND NEW TRUSTEE, AND SUIT BY THE BENEFICIARIES.—The maker of a trust deed, and a new trustee appointed to execute the trust, have not the same rights of action against the original trustee as the creditors secured by the deed, and a pending suit by the former is not a good plea to a bill by the latter.

FORMER ACCOUNT IN ANOTHER CAUSE—POWER OF COURT.—The court may order an account taken in one cause to be made use of in another, or may stay further proceedings therein, if necessary to the protection of parties.

*J. L. Rice*, for complainants.

*J. M. Gaut*, for defendants.

THE CHANCELLOR :—Bill filed November 24, 1873, by the complainants, for themselves and other creditors of John W. Martin, secured by a deed of trust executed on the 17th of December, 1860, by Martin to the defendant Childress, as trustee, for their benefit. The object of the bill is to have an account of the trusteeship of the said Childress, and for a decree against him and his co-defendant, Temple O. Harris, as his surety for the faithful execution of the trust. The defendants have filed three pleas to the bill ; the first by both defendants jointly, the second by Childress alone, and the third by Harris alone. The defendants were not entitled to file more than one plea each without special leave obtained, but, as the complainants have set the pleas for hearing without taking any exception to the double pleading, I will consider the pleas as if permission had been given to file them.

The first plea is, in substance, that N. Baxter, administrator, for himself and other creditors of John W. Martin, on the 24th of February, 1866, filed his bill in this court against the said Martin and the defendant Childress, as his trustee, asking for an account of the debts secured in the trust deed of the 17th of December, 1860, and of the pay-

ments made thereon, and of the property sold under the deed of trust, and what property remained undisposed of, and that the said trust conveyance be executed for the benefit of the complainants, and other creditors of Martin who might come in and make themselves parties; that Childress and Martin answered; and said suit is still pending.

I have already decided that, under the Code, § 4393, such a plea may be set for hearing on its sufficiency. *Montgomery* v. *Olwell*, 1 Tenn. Ch. 184. The order of Lord Clarendon, which provides that the defendant shall not be put to set down such a plea with the register, but, if the plaintiff is not satisfied with it, the same shall be referred to one of the masters of the court to certify the truth thereof (Beames' Orders, 176), and which regulates the English practice (*Jones* v. *Segueira*, 1 Ph. 83), is not in force in this state, nor does it prevail in New Jersey (*Matthews* v. *Roberts*, 1 Green Ch. 338). In New York the court had its own rule. 1 Hoffm. Ch. Pr. 225. The course pursued is proper, and the parties are entitled in this mode to test the sufficiency of the plea.

A plea of former suit pending should aver that the subject-matter of the two suits is the same; that the issue joined in the former suit is sought to be made in the latter, and that the proceedings in the first suit were taken for the same purpose. *Behrens* v. *Sieveking*, 2 Myl. & Cr. 602. The averments should be positive that the present and the former suit are for the same matter, and not merely state facts tending to show the identity of the two suits. *Devie* v. *Lord Brownlow*, 2 Dick. 611. And, as the plea is in the nature of a plea in abatement, it must be accurate in form, as well as correct in substance. *Child* v. *Gibson*, 2 Atk. 603; *Foster* v. *Vassall*, 3 Atk. 587. But it seems the matter is not so strictly in abatement that it must be relied on by plea; for it may be incorporated in an answer—in which case, however, all the certainty of a plea is required. *Connell* v. *Furgason*, 5 Coldw. 404. The plea need not be sworn to (*Green* v. *Neal*, 2 Heisk. 219), but this is because

it is to be verified by record, *sub pede sigilli.* Beames' Orders, 175, 176, notes 42, 48.

The plea is defective in form, in not containing the positive averments required. It is also defective in substance, inasmuch as the purpose of the former suit is to ascertain what property conveyed in the trust deed has been disposed of, what remains, and to enforce the execution of the trust as to such remaining property; whereas the object of the present bill is to call the trustee to an account, and to have a decree against him, and his surety as trustee, on his bond given for the faithful performance of his duties. The present complainants, so far as the plea shows, have never even made themselves parties to the former suit, nor is the defendant Harris any party to that suit. *Hertell* v. *Van Buren*, 3 Edw. Ch. 30. Besides, no decree seems to have been made in the former suit, and, until decree, in analogy to the established right of different creditors to proceed simultaneously against an executor or administrator, there seems no reason why different beneficiaries under a trust deed might not proceed severally. The complainants in the former suit might, at any time before a decree for account, deprive other beneficiaries of any benefit therefrom, by dismissing their bill. It is the decree in equity which operates to prevent all other litigation. *Martin* v. *Martin*, 1 Ves. 211; *Morrice* v. *Bank of England*, Cases *temp.* Talbot, 218; *s. c.* 4 Bro. P. C. 287; *Rogers* v. *King*, 8 Paige, 210.

The second plea is by Childress alone, and alleges, in substance, that on the 3d of December, 1870, John W. Martin and John C. Thompson, the latter as a new trustee appointed in the place of Childress, filed their bill in this court against defendant Childress, and against Temple O. Harris, as surety for Childress on his bond as trustee, for an account of the property disposed of by defendant Childress, as trustee, the moneys received and debts paid by him, and for a decree against him and his surety for the balance found due; that defendant Childress appeared and

answered, and Harris demurred and answered, and such proceedings were had that an account was taken, and a decree rendered in favor of complainants, against defendant Childress, for $3,707.22, as of the 30th of April, 1873, and that said money, when collected, be paid to the clerk and master, and by him to the creditors secured by the trust, deed, from which decree the complainants prayed and obtained an appeal to the supreme court, where the same is still pending.

This plea, although not strictly correct in form, does show substantially that the former suit is about the same subject-matter, and for the same purpose, as the present suit, but between different parties. The former suit is by Martin, the maker of the trust deed, and John C. Thompson, a subsequently appointed trustee, to call the original trustee to account; whereas this suit is by the creditors secured in the deed of trust. It is not necessary, it is true, to the validity of the plea, that the former suit should be between the same parties. Story Eq. Pl. § 738; *Green* v. *Neal*, 2 Heisk. 217. But it is necessary that the equity of the first suit, and its effect, should be the same. Story Eq. Pl. § 739. If, therefore, the effect of the second suit cannot be had in the former, the plea will not hold. *Law* v. *Rigby*, 4 Bro. C. C. 63.

The facts stated in the plea must, consequently, in order to be effective, show that the complainants were entitled to hold the defendants to the same account as the beneficiaries in the trust deed. For, otherwise, it is clear the account which might be taken in that suit would not be binding on the present complainants, although the court, in that case, may have seen proper to impound the recovery for their benefit. The validity of the plea depends, then, upon whether the maker of the deed of trust or a new trustee, or both, can call the old trustee to account for his acts as trustee, precisely as the creditors secured in the trust deed could do? This question was argued and considered in that case, and I came to the conclusion that the new trustee

could not call the old trustee to account at all, and that the maker of the deed could only do so to the extent of any surplus after the payment of the trust debts. *Thompson* v. *Childress*, 1 Tenn. Ch. 369. The complainants in the former suit are, therefore, not entitled to the same equities as the complainants in this suit. The appeal to the supreme court, moreover, vacated the decree which was rendered, and a decree is, as we have seen, essential to render the former suit available in abatement. The plea is, consequently, fatally defective.

The third plea relies upon the pendency of the same suit in behalf of Temple O. Harris, except that it does not show that any decree was rendered against him. The plea is no defence, for the reason given above.

The decree in the former suit, if sustained by the supreme court, will not be useless to the extent of any money realized under it. The court has it in its power to order the account in one cause to be made use of in a second. *Law* v. *Rigby*, 4 Bro. C. C. 63. Or the court may stay further proceedings therein, if necessary to the protection of the parties. *Hertell* v. *Van Buren*, 3 Edw. Ch. 31; *Rogers* v. *King*, 8 Paige, 212.

The pleas must be disallowed.