JULY 14, 1801.

# Jesse Pendergrass *et al. v.* Jackson & Owings.

*Upon an appeal from a decree of the Franklin District Court.*

By the first constitution of Kentucky it was provided that the court of appeals should "have *original* and *final* jurisdiction of" certain cases. By the second constitution the original jurisdiction of the court of appeals was vested in the district courts. After the adoption of the second constitution a bill was filed in a district court to review a decree of the court of appeals, pronounced while it had original jurisdiction, for errors of law and newly-discovered evidence—*Held:* 1st. That as to all questions of law the decree of the appellate court was final, and could not be reviewed by the district court; 2d. That whether a bill to review a decree of the appellate court on the ground of newly-discovered testimony could be sustained was doubtful, but the question not decided.

This is a suit, by a bill of review, exhibited by the appellants, to be relieved from a decree of the court of appeals pronounced whilst it had original jurisdiction. The bill alleges as grounds for the application, several errors in law apparent in the decree, and several facts discovered since the decree was made; and on the dismissal of the bill, on demurrer, by the district court, this appeal was taken.

All human tribunals are liable to err, and errors in law being most frequently committed and most easily detected, some rational mode for correcting them is provided by well-regulated government. In England, decrees in chancery may be reviewed and affirmed, reversed or amended, by the court which pronounced them, or by a court of appeals; but (to say nothing in general of the limitations as to time), after they once have been decided on by the supreme court of appeals, they can never again be reconsidered on points of law, by that or any other court; and at present the same rules, in substance, are observed in this state. But the framers of our late constitution of government, thinking that it would be greatly for the interest of the community, in land causes, to avoid the expense and delay attending the English system, invested our supreme court of appeals with original and final jurisdiction over such suits; and empowered it to hear and determine them in a summary way, and to direct the most cheap and expeditious mode of preparing them for trial, which could be devised, so as to do right and justice to the parties, and be consistent with the general rules and regulations, prescribed by the constitution, prescribed by the legislature. This system or device has been abolished; yet as the decree in question was made during the time of its existence, it must be subjected to the principles, and to the rules and regulations, which were its offspring, and were peculiar to it, without regard to their propriety or impropriety.

Bills of review were not expressly prohibited under the last mentioned system; but as to *errors in law*, it would seem that they, at least, are excluded by clear implication. It was provided in that constitution, that a jury should always be empannelled for the finding of such facts as were not agreed by the parties; unless the parties or their attorneys should waive the right of trial by jury, and refer the matter of fact to the decision of the court. And by the 16th rule of the court, *viva voce* testimony was required, with only a few exceptions, which was the necessary consequence of the provision requiring juries; for one of

the essential advantages of juries is lost, if the witnesses are not brought before them. But it may be presumed that many causes were tried without a jury, by consent of the parties, and without their agreeing on facts. How, in such cases, can errors in law be made to appear on a bill of review, when the matters of fact on which the decree complained of is founded, are not recorded : *Ex facto oritur jus.* This presumption is verified in the case under consideration, and actually is true with regard to several others; nor in this case are the facts so minutely stated in the decree, as to show, with certainty, that the decree is supported by them. But a bill of review on account of errors in law, is rendered altogether absurd, by the 34th rule of the court; which is in these words : "At any time during the term, in which the decree is given, the court will, on motion, supported by the certificate of two attorneys belonging to the court, that they verily think there is error in the decree, in the instances enumerated in the certificate, order a rehearing of the cause, in which such decree was given ; but such rehearing shall only extend to such matters in the said decree as are assigned for error in the certificate; unless the opposite party shall, at the time of granting such rehearing, assign errors in other parts of the said decree; in which case, such matters so assigned for error, shall be considered as open at the rehearing; or the court will, at their discretion, open the decree altogether, so that the whole matter may be fully reheard. In every case of a motion for a rehearing, the court will lay the party praying it, under such terms as the justice of the case may make necessary. No new testimony shall be allowed to be produced on any such rehearing. Every cause directed to be reheard shall be set to some early day in the next term, such day to be fixed by the court at the time of granting such rehearing." This rule evidently implies that the decree, so far as it was not opened by the errors assigned, or the direction of the court during the term in which it was pronounced, should be final; and again, that when the decree on the errors assigned was pronounced, it also should be final, so far as it was not at the term, opened by new errors assigned, and confined thereto. This sentiment would be greatly strengthened if needful, by remarking that the jurisdiction of the court of appeals is expressly declared, by the constitution before mentioned, to be final : which must mean that its decisions, like that of every other supreme court of appeals, should not be subjected to revision.

The remark just made, even renders it doubtful, whether a bill of review, founded on the discovery of new testimony, can be sus-

tained, in any cause on which the supreme court of appeals has previously decided, and the last clause but one, of the rule last recited, greatly increases the doubt; and as to the cause under consideration, seems to render it unsurmountable; for the restriction that no new testimony should be produced on a rehearing, would be defeated, if it were allowed on a bill of review. But be this as it may, this court is of the opinion, that neither of the two facts stated in this bill of review, as being discovered since the decree complained of was made, can in any wise be relevant. How is it possible, from the bill, for a court to ascertain whether it was fraud, folly, or wisdom, in William Shannon, to make an entry for Owens, on patented land in which Owens was before interested? And how does it appear that Shannon was interested in the entry? Or that the entry was on the land for which Owens brought suit? Or that Shannon did not make the entry for Owens, thereby to secure to him the surplus which is charged? Or that on Shannon's testimony, the decree was in a great measure founded? An investigation of this fact from any light the bill affords, would be both ridiculous and nugatory; and it is highly probable, that a general investigation would be equally so. And as to Owens and Jackson holding more land in their survey than their entry called for, it need only be observed, that the land decreed to them, all lies within the bounds of the survey made, by order of the court, strictly conformably to their entry, both as to quantity and situation; and if they elsewhere hold surplus land, it only belongs to those who are injured thereby to complain,

Wherefore, it is decreed and ordered, that the decree of the said district court do stand unaltered and affirmed, and that the appellants pay unto the appellees their costs in this behalf expended, which is ordered to be certified to the said court.