Debt for $300. Plea in abatement, stating that, on the day of suing out the original writ, Bacon, the plaintiff, and defendant, were residents of this district; and that it appears by credits indorsed on the obligation, the demand was reduced below the sum of $250, or £100; wherefore the plea prays judgment whether the Court will take cognizance, c.
It was moved to set aside this plea; when Kennedy and Campbell, for the plaintiff, argued that the Court could not, on any principle, look to the credits indorsed, making no part of the declaration, unless the defendant had craved oyer, and set them out in his plea; this he has not done. It is however denied that the Court could, in that case, consider these credits; being matter of evidence for the consideration of the jury, and not of law for the Court. 1 Hay. 122, 123, 454, 455. Our Constitution secures *Page 56 
the trial of facts by jury; and whether these credits, unless expressly admitted, ought to be allowed or not, is proper for the jury to inquire. In order to take advantage by plea in abatement, the objectionable matter should appear from the writ or declaration, otherwise the objection must await the return of a verdict. It was also insisted that this case fell within the exception contained in the second proviso of the sixth section of the Act of 1794, c. 1 (see the case of Hendrick v. Stewart), in these words, "that nothing herein contained shall extend, or be construed to extend, to suits on bonds, penal bills, or any other action of debt grounded on a penalty, where the balance due on such bond or penal bill, or other action of debt, is of less value than the sums hereinbefore mentioned to be limited for bringing suits in the said courts." The ground of this action is a bill single, and comes within the meaning of this proviso.
M'KENNEY, for the defendant. — This plea contemplates facts to be tried by a jury. First, whether the plaintiff and defendant lived in the same district. Second, whether the debt is reduced by credits below the sum of $250. If they lived in the same district, and the sum really due is less than $250, this court has no jurisdiction; and the plaintiff must be nonsuited, and pay costs; agreeably to the sixth section of the Act of 1794, c. 1. This is not similar to a plea that the debt really due is less than fifty pounds; for, in that case, the point of residence can never come into view; as the Court would not have jurisdiction, whether the parties lived in the same district or not. What is necessarily implied need not be averred; which is the case with respect to the writ, and bond making part of the record. 4 Bac. "Pleas and Pleadings" in the introduction to that title. Oyer, therefore, was not necessary. If an issue be made up, the trial will be peremptory; and, if the plea is false, the plaintiff will have every advantage that would arise on a plea in chief. He will not be delayed. 2 Hay. 115. This obligation is running on interest, and before a determination of the suit takes place, the running of interest will make the sum *Page 57 
greater than $250; and what means will the Court have, after verdict, by which it will be able to ascertain the sum really due at the commencement of the suit? None.
The second proviso is a proviso to the first, and not to the enacting clause. 2 Hay. 52. As the real sum due can never be ascertained by the Court, after verdict, the proper method of proceeding is in abatement, and then nonsuit.
Our Acts of Assembly, 1801, c. 6, § 58, respecting nonsuits, does not apply to this case. The practice in England and this country differs on this ground. Here, as well as in North Carolina, in common cases, the Court never compels a nonsuit or gives judgment to that effect, but with the consent of the party nonsuited. In England, the practice is understood to be, that the Court will order a judgment of nonsuit to be entered, whenever it clearly perceives the plaintiff fails in proving his case, supposing his evidence to be true; or where no evidence is given on his part. And per OVERTON, J., which is the better method is immaterial, since our practice seems to be settled. Our practice seems to be bottomed on a scrupulous regard to the spirit of our Constitution, which provides that the ancient mode of trial by jury shall remain inviolate. Andby all the Court: If this plea were sustainable the defendant should have craved oyer, and showed the indorsements on the record; for a court cannot look out of the record, nor, in the discussion of a plea in abatement, look beyond the points forming the ground of exception. The plea therefore must be considered as involving facts proper for the determination of a jury; and we have no doubt that where an issue is made up to the country, on a plea in abatement, there can be no further pleadings. It is peremptory, and no respondeas ouster can be allowed. And in no case would it be necessary for the Court to award a writ of inquiry, when the defendant would be entitled to be heard by proof and argument in mitigation of damages. In this way, it would result, if the *Page 58 
argument on the part of the defendant be correct, that we should have to wade, generally, through two trials, equally extensive and intricate. First, the trial of the issue on the plea in abatement, involving the whole merits of the question, in ascertaining the sum really due; and if found against the defendant, the plaintiff may have to wade through the execution of a writ of inquiry, equally tedious and perplexing. The first proviso of the sixth section clearly conveys an idea, that the exception for want of jurisdiction must be made after the trial; and this agrees with the case in 2 Hay. 51. This exposition agrees also with reason and public justice.
It has been insisted that agreeably to our practice, the Court cannot nonsuit the plaintiff without his consent. To this it is answered, that the legislature was competent to the communication of such a power to the courts. The language it uses furnishes an inference, which is irresistible, that it designed, in this instance, to authorize the courts to nonsuit the plaintiff without his consent agreeably to the practice in England. After hearing all the evidence, the courts would be better able to decide whether the case came within the act or not; and to order a nonsuit to effect the purposes of the act, which directs that the plaintiff shall be nonsuited and pay costs. When an act directs that a plaintiff shall be nonsuited under certain cirumstances, and, in order to carry this intention of the legislature into effect, that it should be necessary to get the consent of the plaintiff, is a preposterous absurdity. The plea in abatement must be set aside, and the defendant plead in chief.