Whight, J.,
delivered the opinion of the Court.
This was an action of assumpsit, commenced by the plaintiffs below, against Thomas Philips, as one of the *134 members of the firm of H. H. Hollister & Co., to recover the amount of an account for professional services alleged to have been rendered the firm.
A recovery was had and Philips has appealed in error to this Court.
This firm, as was alleged, was composed of H. H. Hollister, Horace Hollister, W. E. Ellis, and the plaintiff in error, Thomas Philips, and Richard Jordan.
On the trial in the Circuit Court the question appears to have been, whether the plaintiff in error was a member of this firm, so as to be chargeable with this debt, and whether, in fact, the debt was created on account of the firm?
In this state of the case the plaintiffs introduced and read the deposition of H. H. Hollister, a member of the firm, who proved that in May or June, in the year 1853, he employed the plaintiffs to attend to the suit for the firm of H. H. Hollister & Co., at a fee of $200, and that they rendered the services for the firm.
To the reading of this deposition the defendant objected; but the Circuit Judge overruled the objection, and permitted it to go to the jury.
In this we think he erred. We understand the settled rule of law to be, that a co-partner of the defendant is not a competent witness for the plaintiff, either to prove the partnership or that the debt was contracted for, or on account of the firm. Here H. H. Hollister was, undoubtedly, liable for the whole of this debt, and was directly interested in fixing it upon the plaintiff in error, as one of the firm of II. II. Hollister & Co., so as to *135 force him to share 'with him its payment. And such was the direct effect of his evidence.
It is true there is other evidence in this record tending to show that the plaintiff in error was a member of this firm, and that this debt, (which is admitted to be just as against H. H. Hollister,) was chargeable to the co-partnership. But still this does not obviate the difficulty, since it is impossible for us to say what influence the evidence of H. H. Hollister had with the jury in finding against the defendant. 2 Hum., 106; 4 Hum., 354-355; 4 Hum., 449; 1 Sneed, 28.
Reverse the judgment, and remand the cause.