DeadeRICK, J.,
delivered the opinion of the Court.
Suit was brought by summons to October Term, 1865, of the Circuit Court of Sumner County, by defendant in error against plaintiff in error, to recover $4000, alleged to be due from him to her intestate.
The declaration, filed at October Term, 1865, which contains but one count, is in the form prescribed by the Code, and is upon a note made by defendant below, on 28th January, 1862, for $4000, and payable in twelve months to Wm. Parker, the intestate of plaintiff below.
Proferí is made of the note and of the letters of administration by the plaintiff below.
To this declaration defendant below pleaded.
1st. That the note. was given for Confederate money, which was issued in violation of law, etc.
2nd. That the note was executed without any consideration.
*63 • 3rd. That tbe note was executed for Confederate money loaned defendant, to be returned if not used, with an averment that be did not use tbe money, and returned it, and paid off said note: and that tbe plaintiff then requested defendant to take charge of said Confederate money, and invest it for him, agreeing not to bold defendant responsible if it was lost, and that tbe said money was lost without any fault or neglect of defendant.
4th. That defendant paid the note before the commencement of this suit.
Issue was taken by plaintiff upon all of said pleas. Subsequently, the plaintiff, by leave of the Court, filed an amended declaration, containing five counts.
1st Count is for $6,000 due by account, 28th January, 1862.
2d, For $6,000 money loaned to, paid for, and had and received by the plaintiff.
3d, For $6,000 money loaned in different sums, and at different times, making an aggregate of $4,000 due on 28th January, 1862, which, with the interest thereon, remains unpaid.
4th, For $6,000, for $1,200 of the notes of the Bank of Tennessee, loaned 28th January, 1862, and for $800 in other current bank notes, loaned 28th January, 1862; a note for $1,800 executed by defendant to intestate — day of-, 1860, all which sums, with interest, amounted on 28th January, 1862, to $4,000 — the said note being surrendered to defendant, but not paid off; nor were said sums *64 loaned paid off, but were evidenced by a note of $4,000, made 28th. January, 1862, due in twelve months, bearing interest from date, and of which profert is made; but the same is not sued on in this count, but tendered to defendant.
5th and last count is for money loaned at different times by intestate, and for a note of $1,800, due him, which have not been paid by defendant, and amount to the sum of $4,000, which sum is evidenced by a paper writing, signed by defendant, 28th January, 1862, which, plaintiff avers her readiness to deliver to defendant, or to the Court for cancellation, upon the payment of the $4,000 and interest thereon, from 28th January, 1862.
The defendant demurred to the 4th and 5th pleas.
The demurrer being overruled by the Court, the defendant pleaded to 1st, 2d and 5th counts of the declaration, a general denial. To the several counts he pleaded that the money loaned him was Confederate money, for which he executed the note made profert of in the original declaration.
Defendant further pleaded that for the $4,000 loaned him in Confederate money, he executed his note for $4,000, which was paid; the money then was placed in his hands to be used for plaintiff’s intestate to the best advantage, at the risk of defendant, and that the money was lost, without any fault on his part.
Defendant further pleaded to the amended declaration, that he owed intestate $1,500, due in 1860; *65 that on 28tli January, 1862, he, intestate, loaned defendant in Confederate notes enough, with the §1,500 and interest thereon, to make §4,000, upon which he, defendant, executed his note for §4,000, which was accepted in extinguishment of the preexisting debt of §1,500, the note for which, was surrendered, and for the Confederate notes loaned; and that said §4,000 note is illegal and void.
The last plea' is, that defendant has paid the several sums mentioned in the amended declaration.
Hpon all of which pleas, issue was taken by plaintiff.
The cause was submitted to a jury at the Special June Term, 1867, and in their verdict they say that “they find the issue joined on the count in the original declaration in favor of the plaintiff; and that they find the other issues in favor of defendant ; and that defendant owes the plain tiff §4,000,” etc.
Motions in arrest of judgment and a new trial were entered by defendant, which motions, it appears from the record, were continued over to the regular term.
At the next term succeeding the trial of the cause, being the regular term of the Court, the motions entered, were, upon argument, severally discharged; thereupon defendant prayed an appeal, tendered a bill of exceptions, which was signed and sealed by the Judge trying the cause, and gave bond with security for his appeal, and the cause is here for revision.
*66 It has been held by this Court in several cases, that a bill of exceptions made and signed at a term of the Court subsequent to that at which the trial of the case was had, cannot be looked to, in this Court, as part of the record.
This holding, precludes any examination of the errors alleged in the admission and rejection of evidence, and in the charge of the Court, and leaves open for our investigation only the objections taken to the pleadings, and to the verdict of the jury.
Assuming that the Circuit Judge erred in overruling defendant’s demurrer to the 4th and 5th counts in plaintiffs amended declaration, (which, however, we do not hold,) yet the verdict was in defendant’s favor upon all the issues, upon the amended declaration, and therefore no injury resulted to him from such alleged error; and this Court will not grant a new trial to a party for an error, which has not operated to his injury: 8 Yer., 249; 2 Head, 116; 8 Hum., 56; 4 Hum., 218; and 3 Sneed, 538.
It is further insisted by plaintiff in error, that the finding of the jury, in his favor, u^ion the issue joined upon the amended declaration, is contradictory to, and inconsistent with their finding against him upon the issues upon the original declaration; and that, therefore, no judgment can be pronounced against him upon such verdict.
"We do not concur in this view of the case.
The verdict of the jury was responsive to all the issues submitted to them.
*67 Tbe difference between tbe original declaration and tbe amended declaration consists in tbis, tbat tbe original declaration specifies tbe failure to pay the $4,000 note described in it, as tbe plaintiff’s cause of action, while tbe amended declaration states as tbe cause of action, -various items of indebtedness, which constituted tbe amount for which it is alleged tbe $4,000 note was executed, but no one of tbe several counts in tbe amended declaration is founded upon tbe note as tbe cause of action.
And while it is true tbat, in part at least, tbe same pleas were pleaded to tbe amended declaration, as bad been previously pleaded to tbe original, they are defenses made against tbe claim set up in tbe amended declaration, and apply only to it, and must be so construed, and are in substance and legal effect, denials of any liability on tbe cause of action specified in tbe amended declaration. Upon tbe amended declaration there is no issue as to defendant’s liability upon tbe $4,000 note, but tbe issue upon bis liability on a note for $1,800 and for money loaned, amounting in all to $4,000.
Although a verdict may not respond severally to each plea, and may not be formally and technically accurate, yet tbe Court will sustain it, if its sense or legal effect makes a response to tbe pleading. Now tbe sense and legal effect of tbe verdict in tbis case are, tbat tbe defendant is liable upon tbe note declared on in tbe original declaration, and tbat be is not liable on tbe amended declaration on tbe $1,800 note, and tbe sums of money declared *68 for, making tbe amount of tbe $4,000 note; tbe jury obviously treating tbe execution of tbe $4,000 note as an extinguishment and satisfaction of tbe $1,800, and tbe several sums constituting it. They therefore gave a verdict against defendant on tbe $4,000 note, and in bis favor upon tbe pre-existing liability, extinguished and satisfied by tbe execution of tbe note. And this verdict, we think, is neither contradictory nor inconsistent.
On tbe 26th February, 1866, tbe plaintiff filed her affidavit, that defendant was indebted to her as administratrix in about tbe sum of $5,000, and was about fraudulently to dispose of all bis real estate, or has so disposed of it, to defeat her claim, and has not sufficient property, real or personal, to satisfy her debt, except said real estate so fraudulently disposed of.
Bond for $10,000 was executed at same date, when an ancillary attachment was issued by tbe Clerk, in which it is recited that tbe plaintiff bad complained, on oath, to him, that tbe defendant is justly indebted to her in tbe sum of $5,000; that affidavit bad been made and bond given as required by law; then tbe attachment proceeds to require tbe sheriff to levy on the defendant’s land, which is described, and make return of tbe writ to tbe next term of tbe Court.
Tbe levy was made upon a tract of land of four hundred acres, by tbe sheriff, June 19, 1866, and tbe writ duly returned.
Tbe defendant pleaded in abatement of tbe at- *69 tacbment, that be bad not fraudulently disposed of, nor was be about fraudulently to dispose of bis property, etc.
Tbe affidavit for tbe attachment, and tbe writ of attachment itself, are fatally defective. They do not recite that any suit was pending, in any tribunal, or tbe nature of the same.
And there is nothing in either the affidavit or tbe attachment which shows that tbe writ of attachment was issued as ancillary to tbe suit then pending in tbe Circuit Court.
It has been repeatedly held by this Court, that to give validity to an ancillary attachment, it is essential that it should be stated in tbe affidavit, and alleged in the attachment, that a suit has been commenced by the plaintiff against the defendant; the nature thereof; the tribunal in which it is depending; the amount of the debt or damages claimed in the action; and that the cause of action is just.
The judgment in this case does not, therefore, confer any more right upon plaintiff to have satisfaction out of the attached property of defendant, than if no such proceedings had been instituted. ■
The defendant complains that the Court refused, upon his application, to try the issue matle upon the attachment, before the trial of the cause upon the merits.
No authority is cited, nor are we aware of any statute or decision which settles the practice in this class of cases.
In this case the plea of defendant, denying the *70 existence of tbe causes alleged for suing out the attachment, was submitted to the jury at the same time with the other issues in the cause, and upon the return of the verdict, the Court entered as part of the judgment, “that the attachment be abated.”
It has been uniformly held by this Court, to be the proper practice, that, when the defendant pleads in abatement to the summons or other leading process, and the plea is struck' out, or demurrer thereto sustained, the judgment of the Court should be, respondeat ouster. But, if issue is taken upon the truth of the plea, and that issue is found by a jury, in favor of the plaintiff, the same jury in the same verdict, should assess the damages, as in case of judgment by default: 2 Tenn., 55; Meigs’ R., 122; 4 Hum., 444; 5 Col., 120.
"Without discussing, or commenting upon the various decisions cited, and others of like import, it is sufficient to say, that the case now under consideration, is different from those cited, in this, that the plea in abatement in this case, is not to the summons or other leading process, and therefore does not seek to abate the suit, but to reach and abate the writ of attachment, issued as ancillary or auxiliary process in the cause, and thus to discharge or release the property attached from the alleged illegal seizure.
In 3 Sneed, 536, it is held that the defendant may, upon appearing, plead in abatement to the attachment when' used as leading process, as if the process used to bring him into. Court were a summons.
*71 Defendant may traverse the truth, of the grounds of attachment, and may aver in his plea, and show by proof that the property attached does not belong to him.
And we hold that he may do this, as well when the plea in abatement is resorted to, to discharge the ancillary attachment levied upon property to hold it for the satisfaction of any judgment which may be recovered in the case, as when it is used to operate an abatement of the suit. •
It is true, under the authorities herein before cited, that the defendant ventures on defenses of fact in abatement of the suit, at his peril. If he succeeds in establishing the truth of plea, he abates the suit against him; if he fails, in effect, judgment by default is entered against him. He is not allowed to show that upon the merits of the case no recovery should be had against him, no matter how perfect and complete a defense he may have against the action.
But we do not think the case under consideration falls within the rulings of the cases cited, and are not inclined to extend, by construction, the principles decided, as applying in those cases, further than they have been carried in the adjudicated cases.
In this case the plea is not in abatement of the suit, but is filed to abate the ancillary attachment, and thus to relieve the property attached from the alleged illegal seizure.
If the facts pleaded are true, the property had been wrongfully seized, and ought to be released, *72 without reference to the merits of the controversy in the suit.
Great, and indeed irreparable injury may be inflicted upon a defendant, by having his property, real and personal, seized by attachment at the instance of an unscrupulous or reckless plaintiff. The very fact of such seizure, diminishes his ability to give security to enable him to replevy the property attached. And in the case of perishable property, it may be sold and sacrificed upon the groundless apprehension of plaintiff', that defendant- is about fraudulently to dispose of it, and this too, in some cases, with no indemnity for any resulting loss; for it has been held by this Court, that this extraordinary process, the ancillary attachment, may be issued without security: 4 Sneed, 267.
Ve are therefore of opinion that when an ancillary attachment is levied upon property, the defendant may plead in abatement of the attachment, any pleas allowable to an original attachment; and that it is the duty of the Circuit Judge to have the issues made by said plea or pleas, tried at the earliest practicable period, without waiting until the cause can be prepared for a trial upon its merits, and giving the parties reasonable opportunities for preparation for the trial of the issues on pleas in abatement.
The trouble of a double trial in one cause, which seems to be' regarded as the chief reason, ■ for disallowing a trial upon the merits, where the issue is upon a plea in abatement of the leading process *73 or summons, we clo not think constitutes a sufficient reason for refusing to a defendant the earliest opportunity of putting in issue tbe truth of the alleged cause for the issuance of the ancillary attachment.
Our attachment laws are designed to furnish the creditor with the means of frustating the attempt of the dishonest debtor to defeat the collection of a just debt; but they should not be allowed to become instruments of oppression.
Ordinarily, the investigation of the issues upon the plea of abatement, would be simple, depending upon few facts, and would occupy but little time.
Although we are of opinion that the Court below ought to have taken up and tried the issues upon the attachment, upon the application of plaintiff, allowing, of course, reasonable time to both parties, according to the circumstancess of the case, to prepare for the trial of those issues; yet the error in refusing so to do is of such a character, in this case, as that a reversal for that reason would not benefit the defendants.
The judgment of the Court below will be affirmed.