McFarland, J.,
delivered the opinion of the Court.
The original bill alleges that the defendant Kellogg purchased of one ¥m. Bradley a lot ■ of some two acres of land on the Cumberland River, in Montgomery county, known as the Bradley Sand Bank, that the purchase was made for the joint benefit of himself and one ¥m. E. Luter, but the bond for title was in the name of Kellogg alone, and Luter *263 was not known in the purchase from Bradley, but that afterwards Luter paid Kellogg his part of" the first note, for the purchase money due to Bradley, which was $1,500, due in three installments, and therefore Kellogg executed and delivered to Luter a receipt or memorandum showing the sale to Luter of an undivided four-fifths of said lot of land; that the benefit of this contract afterwards was transferred to the complainants by purchase from Luter; that they have paid Luter a large part of the price they were to give him for the purchase, and expect to have to pay the balance, as their note given to him is in the hands of an innocent holder. They admit that Luter failed to pay his proportion of the remaining installments to Bradley, and that Kellogg has been compelled to pay the whole, and they propose to pay Kellogg the amount, and do pay into Court $992.34, which they say is the amount due.
The amended bill charges that in reality the purchase from Bradley was for the benefit of Luter entirely, but that when the memorandum referred to was executed, Luter agreed to let Kellogg have a one-fifth interest. The bills further- show that the property was purchased for the sand upon it, to be used in making brick and plastering, and that the defendant Kellogg had recently, before the filing of this bill, obtained an injunction restraining them from the further use of sand from said property. The prayer of both bills is in substance, that said contract of sale be specifically executed, and Kellogg compelled to execute a deed; and if necessary that the contract be *264 so reformed as to show tbe entire agreement, which was not included in the writing, owing to the want of skill of Kellogg the draftsman.
The relief is resisted, first upon the ground that the paper referred to is not a sufficient memorandum under the statute of frauds.
The following is a copy “ Received of W. E. Luter $408.,45 being his proportion of the first payment on the Bradley Sand Bank purchase, I having agreed" to give him an interest of four-fifths of said purchase at cost, and hereby bind myself when the purchase money shall have been all paid to cause a deed of general warranty to be made to him and myself in like proportion, to-wit: Luter four-fifths and myself one-fifth.
March 7, 1857. S. Kellogg,”
It is a proposition well settled, that the memorandum of the agreement required by the statute shall contain upon its face, or show by other writings to which it refers, a sufficient description of the land agreed to be sold, to enable the court to determine with reasonable certainty what property is embraced, without resort to parol evidence to supply other portions of the contract. Blair & Gillenwater v. Snodgrass, 1 Sneed, 1; Sheid v. Stumps, 2 Sneed, 173; Pipkin v. James, 1 Hum., 325, Wright v. Cobb, 5 Sneed, 145.
As a general rule, a court of equity will decree a specific performance where the contract is in writing, and is certain, and is fair in all its parts, and is for an adequate consideration, and is capable of being performed, and not otherwise. 1 Sneed, 25. MeCarty et als. v. Kyle et als., 4 Col., 348.
*265 Undoubtedly, parol evidence must be resorted to, to ascertain where the land is that fills the description contained in the deed. If the contract be for the manor of S., the proof must show which is the manor of S., particularly if there be two manors of S. If the contract be for the sale of a tract of land or' other real estate well known by some name given to it in the contract, in such case, no doubt, this would be a sufficient description, and if necessary, parol proof might be heard to show where the property is.
In such cases it will be observed that the parol proof thus resorted to is not to introduce any additional evidence as to the terms or stipulations of the contract, but simply to ascertain if there be lands or property known by the name or description given in the writing, and where that property is.
Tested by this rule, is this description sufficient? The language is: “ Received of W. E. Luter $408.45, being his proportion of the first payment on the Bradley Sand Bank purchase, I having agreed to give him an interest of four-fifths of said purchase at cost.” The argument is, that the piece of land intended to be sold is well known by the name of the Bradley Sand Bank. This argreement, however, does not purport to sell four-fifths of the lot of land known as the Bradley Sand Bank but the language is “ his proportion of the first payment on the Bradley' Sand Bank purchase, I having agreed to give him an interest of four-fifths of said purchase at cost,” the meaning of which would seem, not necessarily that' Lutér ■ was to have a four-fifth interest in the Bradley Sand Bank lot, *266 but a four-fifth interest in a purchase or contract made by some one in regard to said property. Whether this “ Bradley Sand Bank purchase” was made by Kellogg is not entirely certain, but it may be taken that it was; but what was the purchase? the entire lot, or part of it? the entire estate or an undivided interest?
Certainly, it can not be gathered from this paper that Kellogg had purchased the absolute and entire estate in this lot, or any less quantity thereof. This paper evidently refers to a previous contract, and if that previous contract be in writing, and we can refer to it, doubtless this difficulty can be obviated. But before we can look to any other paper as part of this contract, it. must appear that this paper affords intrinsic evidence that it relates to the other paper that contains the same contract. 1 Sneed, 26. This paper does not upon its face identify any other, and therefore we can not look to any other to aid us. We can not find any case where a description so uncertain as this has been held sufficient. The paper does not give the county, or even the State, where the land is situated, or the full name of the Bradley from whom it would appear to have been purchased, and does not even approximate the time when the purchase should have been made. We think the description insufficient.
The enforcement of this statute often results in hardship, but courts have no discretion. And there is danger that further refinement upon the question will amount to a virtual repeal of the statute altogether.
*267 We are therefore constrained to reverse the decree of the Chancellor, and to dismiss the bill.