## SIMPSON *v.* RAILWAY COMPANY.

### (*Knoxville.* November 1, 1890.)

1. EVIDENCE. *Parol not admissible to prove appointment of receiver by decree.*

   Parol evidence is not admissible to prove appointment of a receiver made by decree.

2. ABATEMENT, PLEA IN. *Insufficient in substance.*

   Suit against a railway corporation will not be abated upon its plea averring that the suit had been brought after the road had passed into the hands of a receiver, and that process had been served upon a station agent of the receiver, where it appears that such agent had been originally employed by the company, and continued in same service under the receivership.

3. SAME. *Not waived by continuances after filing of plea.*

   Plea in abatement is not waived by continuances of cause by consent after it has been properly filed.

4. SAME. *Waived by appearance to the merits.*

   Appearance and defense to the merits after plea in abatement has been . overruled upon a trial, is a waiver of the plea.

   Cases cited and approved: 1 Heis., 15; 7 Lea, 635.

5. SAME. *Pleading over not allowed after trial on issue tendered by plea.*

   After trial upon the issue tendered by plea in abatement, if the finding is adverse to the plea, the defendant is not entitled to plead over to the merits, but the plaintiff takes judgment without further pleading.

   Cases cited and approved: Bacon *v.* Parker, 2 Tenn., 55, 56; Straus *v.* Weil, 5 Cold., 120–126; Wilson *v.* Scruggs, 7 Lea, 635–638; Hunter *v.* Trobaugh, oral opinion, Knoxville, 1887.

   Cited and overruled: Battelle & Co. *v.* Youngstown Rolling Mill Co., 16 Lea, 355.

Simpson *v.* Railway Company.

The rule is otherwise when plea is held insufficient and dismissed on motion or demurrer. (Code, §4395 (T. & S.); §5138 (M. & V.).

Cases cited and approved: Baker *v.* Compton, 2 Head, 470; Whitaker *v.* Whitaker, 10 Lea, 98.

---

FROM WASHINGTON.

---

Appeal in error from Circuit Court of Washington County. A. J. BROWN, J.

I. E. REEVES and INGERSOLL & PEYTON for Simpson.

W. M. BAXTER, DEADERICK & EPPS, and KIRKPATRICK & WILLIAMS for Railway Company.

SNODGRASS, J. The two suits in this record were brought by plaintiff in error, on August 28, 1885, before a Justice of the Peace in Washington County, against the railway company, defendant, for damages, one for burning fence - rails, grass, and timber, and the other for killing the hogs of plaintiff, Simpson.

The summons to answer was in each case returned "executed, and set for hearing before S. T. Shipley, Esq., March 27, 1886."

The defendant on same day filed pleas in abatement, averring that T. L. Ernest, upon whom the summons to answer in each case was served, was

20—5 P

not the agent of the defendant, and praying that the suits be abated.

Judgments were rendered by the Justice in favor of plaintiff, and defendant appealed. The cases were then heard upon the pleas. The Circuit Judge found in favor of defendant and abated the suits, and plaintiff appealed in error.

The assignment of errors states three objections to the judgment. We state them in inverse order, as follows:

*First.*—That the Circuit Judge erred in admitting oral proof of the appointment of a receiver to take charge of defendant's road, the evidence having been objected to and overruled.

This objection was well taken, but the action upon it was immaterial in the view we have taken of the case.

*Second.*—The Court erred in finding for defendant on the pleas in abatement, because the "proof shows that after the pleas in abatement were overruled by the Justice, the defendant waived its objection to the jurisdiction by appearing and making defense upon the merits."

Upon this assignment the transcript is cited showing continuances by consent. These continuances were after the pleas were filed, and are not to be construed as affecting the defendant further than as such upon its pleas. Having filed the pleas, if not ready to go to a trial on them, or willing that plaintiff might not do so, it might consent to a continuance, and its appearance would

not be thus entered for any other purpose than to continue for trial the issue thus presented, and would not be an appearance on the merits.

Evidence is also cited tending to show that defendant, by its attorney, participated in the trial on the merits *after* the pleas were overruled, and examined witnesses.

If this were established, such appearance would be to the merits, and would waive the plea in abatement. If a defendant wishes to avail himself of the advantage of such plea, he must abide by it, and decline to plead over or appear to the merits. 1 Heis., 15; 7 Lea, 635, 637, 638.

The evidence tended to show this, but was not entirely clear or harmonious on this point, particularly as to such examination being *after* the trial on the pleas, and an examination on trial of the pleas might have included some irrelevant questions. Besides, there is evidence to the contrary upon which the judgment of the Court could have been founded, and it would not for this reason be reversed.

The third assignment is that it was error to sustain the pleas in abatement, because Ernest, the depot agent at Jonesboro, where suit was brought, was the proper person upon whom to execute summons to answer, the proof showing that he had received his appointment from the defendant company, and had never been relieved or discharged from such employment, the fact that defendant's road had been placed in the hands of a

receiver pending litigation not having that effect if taken as proved.

This assignment is well taken. It will be remembered that this is no effort on the part of the receiver to abate suits by reason of a right to intervene and compel a discontinuance of actions except in Court where the receivership with litigation involving it is pending but an effort by the company to deny its agent because its road had been placed in the hands of a receiver. In such case no reason appears to us why he does not still, in a proper sense, represent the company which in another is represented by the receiver.

For this error, therefore, the judgment is reversed, and the case remanded for assessment of plaintiff's damages by the Circuit Judge, this being a non-jury case.

On this point a question is made that defendant has the right to plead over. Such would be the rule on striking out a plea in abatement as frivolous, or overruling it on demurrer, or when held insufficient. *Baker* v. *Compton*, 2 Head, 470; *Whitaker* v. *Whitaker*, 10 Lea, 98; Code, § 4395.

But where the issue tendered by the plea has been tried on the merits, there can be no further pleading, but plaintiff is entitled to have his damages assessed. *Bacon* v. *Parker*, 2 Tenn., 55, 56; *Straus* v. *Weil*, 5 Cold., 120–126; *Wilson* v. *Scruggs*, 7 Lea, 635–638.

This has always been the rule, though there has been some misapplication of it in reported

cases. Some of these are referred to and discussed in the 7 Lea case cited, which is an instructive one on this question. In a subsequent case, which arose in equity, the Court apparently held the contrary. *Battelle & Co.* v. *Youngstown Rolling Mill Co.*, 16 Lea, 355.

That case, however, did not decide, if technically confined to the precise legal effect of point adjudged, that on a plea in abatement found *against* defendant he may plead over, because it found the plea in *favor* of defendant, and of course ended the case at that point. But the question was fairly involved, because the Chancellor's action allowing defendant to plead over was approved in the opinion, and the reasoning leads to that result.

The Judge delivering the opinion in that case referred to several of our cases on that subject, criticising some of them and showing that the question did not necessarily arise in others, and implying that there was a difference in the rule as applied at law or in equity, saying, in reference to the 5 Coldwell case cited, that it was "an attachment at law, and therefore can decide nothing as to a case in equity, even if what is said on that question had been involved for decision." Elsewhere he adds: "There is no case where the rule has ever been applied in a case in chancery, and none ought to be; nor any at law where the question was before the Court for adjudication."

It is true that most of the cases cited were at

law, but there is no reason for any distinction, and none exists in the application of this rule in law and equity. It is also true that in some of the cases there were decisions of this question without necessity, but such was not the fact in others. Besides, the view announced was early taken in our Court as a correct application of the common law rule, which it was, and was maintained as the correct view of it by undivided Courts whenever the question arose or was supposed to arise and come in controversy since.

These cases sustain themselves both in reasoning and by citation of authority. The rule thus stated is approved by Mr. Caruthers, confessedly the most accurate and clear-headed author among all text-book writers. Hist. Lawsuit, Sec. 188.

It has met the approbation of the profession ever since our Court was organized, and we think is sound, and adhere to it.

We held it applied in equity as at law in the case of *Hunter* v. *Trobaugh*, at Knoxville in 1887, and refused to follow the ruling in the 16 Lea case to the contrary, as we have since declined to do in other cases. That case is therefore overruled.

The defendant in error will pay the cost of this Court.