## STATE v. DALTON.

### (*Nashville.* December Term, 1902.)

1. **PARDONING POWER,** Vested solely in the governor.

    The power to grant reprieves and pardons is by the constitution vested solely in the governor, and the general assembly can not, directly or indirectly, take it from his control, and vest it in others, or authorize or require it to be exercised by any other official or authority. (*Post; p.* 547.)

    Constitution construed: Art. 3, sec. 6.

2. **SAME.** Not vested in workhouse commission or board of pardons.

    The power to pardon being vested exclusively in the governor of the State, any attempt by the legislature to vest this power in any official, board or commission to any extent, or in any form, advisory or otherwise, or to regulate its exercise, is in violation of the constitution and an absolute nullity. (*Post, pp.* 547-548.)

    Act cited and construed: Act of 1891, ch. 123, sec. 18.

    Code cited and construed: Sec. 7423 (S).

3. **COURTS.** Power of, over record during term.

    It is well settled that so long as the court remains in session, the record is, by a fiction of the law, in the breast of the judge, and all orders and judgments entered at that term may be vacated or modified at any time during the term. (*Post, p.* 548.)

4. **SAME.** Power of, over final judgment ends with close of term.

    But after the adjournment of the term, the court no longer has power over its final judgments, and any order or judgment made at a subsequent term affecting a final judgment unquestioned by proceedings in error (except in certain

State v. Dalton.

statutory cases for the correction of clerical misprisions) is *coram non judice* and void. (*Post*, pp. 547-549.)

Code construed: 7226 (S); 6092 (M. & V.); 5251 (T. & S. and 1858.)

Cases cited: Van Bibber *v*. Sawyers, 10 Humph., 81; Bank *v*. Fowlkes, 4 Sneed, 462; Johnson *v*. Tomlinson, 13 Lea, 604; Anderson *v*. Thompson, 7 Lea, 259.

5. **PARDONING POWER. Invasion of. Case in judgment.**

Defendant was indicted and arraigned at the May term of the circuit court, upon a charge of petit larceny. He entered a plea of guilty, the jury fixed his punishment at confinement in the county workhouse for eleven months and proper judgment was pronounced. At the succeeding September term of the court, an order was entered relieving defendant from the judgment for costs and remitting the remainder of the imprisonment during good behavior. The State appealed.

HELD: The order remitting imprisonment and relieving defendant from cost as adjudged at a former term was a nullity, because an invasion of the pardoning power vested solely in the governor by the constitution, and an attempt to vacate a final judgment rendered at a former term of court. (*Post*, pp. 546-549.)

---

FROM WILSON.

---

Appeal from Circuit Court of Wilson County. R. P. MCCLAIN, Special Judge.

CHARLES T. CATES, JR., Attorney-General, for State.

No counsel marked for Dalton.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

Cates 1-18

This case involves the power of a judge of the circuit court to remit the punishment imposed upon a convict upon trial and conviction at a former term of the court to that at which it was rendered.

The defendant, West Dalton, was indicted and arraigned at the May term, 1902, of the circuit court of Wilson county, upon a charge of petit larceny, and, entering a plea of guilty, his punishment was fixed by the jury impanelled for that purpose at confinement and hard labor in the workhouse of the county for eleven months, and a judgment to this effect, and of infamy, and for the costs was rendered against him, from which there was no proceeding in error.

At the succeeding September term of the court, a special judge presiding, an order, reciting that the prosecutor consented thereto on account of sickness in the family of the defendant, was entered "remitting the remainder of the imprisonment during the good behavior of the defendant," and releasing the costs, and the case is now before us upon a proceeding impeaching the validity of this action of the court.

This order remitting the unexpired portion of the imprisonment and releasing the costs adjudged against the defendant is absolutely null and void.

The judgment entered against the defendant at the May term of the court was final, and nothing more remained to be done. The court did not and could not reserve the right to set aside or alter it, and upon the adjournment of that term, *sine die*, the parties were

State v. Dalton.

discharged from its further jurisdiction, and it was divested of all control over them and the case. It could do nothing at a subsequent term affecting the judgment rendered.

The action of the court in this case was, in substance, an attempt to exercise the pardoning power, which, by the constitution (art. 3, sec. 6), is vested solely in the governor of the State. The vestiture of the power to grant reprieves and pardons in the chief executive is exclusive of all other departments of the State, and the legislature can not, directly or indirectly, take it from his control, and vest it in others, or authorize or require it to be exercised by any other officer or authority. It is a power and a duty intrusted to his judgment and discretion, which can not be interfered with, and of which he can not be relieved. The circuit judge's action in remitting the imprisonment and releasing the costs adjudged against the defendant can not be sustained under section 7226 of Shannon's edition of the Code, or Act 1891, ch. 123, sec. 18 (Shannon's Code, sec. 7423), authorizing the discharge of convicts confined in workhouses under certain circumstances. The authority given judges by the first statute is confined, upon a proper construction of this act, to the term of the court at which the judgment was rendered, and the power to discharge inmates of the workhouse is confined by the latter statute to the workhouse commissioners. If,

however, these statutes could be construed to cover the case at bar, we would hold them to be in contravention of article 3, sec. 6, of the constitution, and inoperative and void, as an attempt to vest in judges and workhouse commissioners the pardoning power, which, as said, can not be constitutionally vested in any form or to any extent in any other officer but the governor. Any and all attempts of the legislature to vest this power in any officer, board or commissioners to any extent, or in any form, advisory or otherwise, or to regulate its exercise, are in violation of the provision of the constitution referred to, and absolute nullities.

Nor can the action of the court be sustained upon any supposed control of the court over its records. So long as the court remains in session, the record is in the breast of the judge, and all judgments entered at that term may be vacated or modified upon any subsequent day of the term, but upon final adjournment the power of the court over the record is gone.

This is the rule governing final judgments of all courts of record, save certain proceedings authorized by statute to correct errors resulting from clerical mistakes, which it is not claimed apply to this case. After the parties to the cause have been dismissed by final judgment and adjournment of that term, the court has no more jurisdiction of them and of the case upon the merits than where no suit has been instituted

State v. Dalton.

or process served. Any order or judgment made at a subsequent term affecting a final judgment unquestioned by proceedings in error, except in the cases mentioned, is *coram non judice,* and a nullity. *Van Bibber* v. *Sawyers,* 10 Humph., 81 (51 Am. Dec., 694) ; *Bank* v. *Fowlkes,* 4 Sneed, 462 ; *Johnson* v. *Tomlinson,* 13 Lea, 604.

A judgment at a subsequent term, vacating one entered at a former term of the court by consent of parties given in open court, is void. *Anderson* v. *Thompson,* 7 Lea, 560. These are all civil cases, it is true, but the principle applies with equal force to criminal cases. The State has the same right to insist upon the execution of judgments rendered in criminal cases prosecuted by its officers as other litigants have in those recovered by them, and public policy forbids the unauthorized interference of any one to prevent the execution of judgments secured by the State for the punishment of crime. All proceedings reviewing or modifying final judgments of courts in criminal cases, other than by proceedings in error or by the chief executive, tend to render punishment for crime less certain, and embarrass the administration of the criminal law.

The order remitting the unexpired punishment of the defendant and releasing him from costs adjudged against him is reversed, and the case remanded, that the former judgment of the court may be executed.