CITIZENS' BANK & TRUST Co. *v.* H. O. BAYLES *et al.**

(*Knoxville.* September Term, 1925).

1. **PLEADING.** Defendant, by answering bill after plea in abatement
   has been overruled does not waive his plea (Acts 1897, chapter 121).

In view of Acts 1897, chapter 121, a defendant, by answering bill
   after his original plea in abatement has been overruled by chancel-
   lor, does not waive his plea, but is still entitled to rely on it.
   (*Post, p.* 49.)

Acts cited and construed: Acts 1897, ch. 121.

Cases cited and approved: University v. Cambreling, 14 Tenn., 79;
   Calhoun v. Lillard, 5 Tenn., 56; Pope v. Harrison, 84 Tenn., 82;
   Frazier v. Pankey, 31 Tenn., 75; Hopper v. Fisher, 39 Tenn., 255;
   Squibb v. McFarland, 58 Tenn., 563; Simpson v. Railway Co., 15 S.
   S. W., 735, 89 Tenn., 304; Wilson v. Scruggs, 75 Tenn., 635; Boon
   v. Rahl, 48 Tenn., 12; Sewell v. Tuthill 79 S. W., 376.

Cases cited and distinguished: Railroad v. McCollum, 59 S. W., 137;
   Thach v. Continental Travelers' Mut. Acc. Assn., 114 Tenn., 271.

Code cited and construed: Sec. 4625a1 (S.).

2. **ABATEMENT AND REVIVAL.** Where one defendant was neither
   served with process nor appeared, defendant on whom process was
   served was entitled to raise question of jurisdiction of his person
   by plea in abatement.

Where one named as defendant in bill was not served with process
   and was never before court, but process was served only on other
   defendant, who resided in another county, cause stood as suit
   against latter alone, and he was entitled to raise question of juris-
   diction of his person by plea in abatement. (*Post, p.* 49.)

Cases cited and approved: Yancey v. Marriott, 33 Tenn., 28; Achy v.
   Holland, 76 Tenn., 510

Citizens' Bank & Trust Co. v. Bayles.

3. **EQUITY.** Chancellor held without power at subsequent term to permit defendant to withdraw his answer and refile his plea in abatement, which at prior term had been overruled, as decree overruling such plea had become final.

Where defendant's plea in abatement was overruled, whereupon he voluntarily appeared and filed answer, *held* that chancellor could not at subsequent term permit defendant to withdraw his answer and refile his plea in abatement, as decree overruling plea formerly filed had become final, and it was beyond power of chancellor to modify or vacate it. (*Post, p.* 49.)

4. **JUDGMENT.** During term at which they are rendered, all orders, judgments, and decrees, of court may be modified, amended, vacated, or overruled.

All orders, judgments, and decrees of courts are, during term at which they are rendered, in breast of court, and subject to its control, and may be amended, modified, vacated, or overruled. (*Post, pp.* 49, 50.)

Cases cited and approved: Theavenought v. Hardeman, 12 Tenn., 565; Timmons v. Garrison, 23 Tenn., 148; Majors v. Blevins, 25 Tenn., 43; Williams v. Tenpenny, 30 Tenn., 176; Hall v. Bewley, 30 Tenn., 106; State v. Disney, 37 Tenn., 598; Scott v. State, 75 Tenn., 232; Fraker v. Brazelton, 80 Tenn., 278; Memphis, etc., R. Co. v. Johnson, 84 Tenn., 387; State v. Dalton, 72 S. W., 456.

5. **JUDGMENT.**

A court has no power over its final orders, judgments, or decrees, rendered at former term. (*Post, p.* 50.)

Cases cited and approved: Conn v. Whitside, 25 Tenn., 48; Vanbibber v. Sawyers, 29 Tenn., 81; Williams v. Tenpenny, 30 Tenn., 176; Andrews v. State, 34 Tenn., 550; Planters' Bank v. Fowlkes, 36 Tenn., 462; Tipton v. Bank, 58 Tenn., 141; Whitney v. State, 74 Tenn., 247; Bomar v. Hagler, 75 Tenn., 86; Johnson v. Tomlinson, 81 Tenn., 604; Boyd v. Sims, 87 Tenn., 771.

6. **APPEAL AND ERROR.** Decree overruling plea in abatement is not an interlocutory decree from which an appeal will lie (Shannon's Ann. Code, Section 4889).

Though chancellor's decree, overruling defendant's plea in abatement, was interlocutory, it was not an interlocutory decree from which an appeal would lie under Shannon's Ann. Code, section 4889. (*Post, p. 50.*)

Case cited and approved: Indemnity Co. v. Willard, 125 Tenn., 290.

Code cited and construed: Sec. 4889(S.).

7. **EQUITY.** Interlocutory decree, which settles a principle, adjudges a right, or determines an issue, is not open for revision at subsequent term (Shannon's Ann. Code, section 4699).

In view of Shannon's Ann. Code, section 4699, if an interlocutory decree settles a principle or adjudges a right or determines an issue, it is not open for revision at subsequent term. (*Post, pp. 50, 51.*)

Cases cited and approved: Allen v. Shanks, 90 Tenn., 359; Boyd v. Sims, 87 Tenn., 771; Johnston v. Hanner, 70 Tenn., 8; Meek v. Mathis, 48 Tenn., 534; Vaccaro v. Cicalla, 89 Tenn., 63.

8. **EQUITY.** Interlocutory decree, which adjudges no issue, is subject to revision at subsequent term (Shannon's Ann. Code, section 4699).

In view of Shannon's Ann. Code, section 4699, an interlocutory decree, which is a mere order adjudging no issue, is subject to revision and reconsideration at subsequent term. (*Post, p. 51.*)

Code cited and construed: Sec. 4699(S.).

9. **APPEAL AND ERROR.** Supreme court cannot review and reverse decree of chancellor overruling defendant's plea in abatement, where defendant did not appeal therefrom and assign errors on it.

Supreme court cannot review and reverse a decree of chancellor, overruling defendant's plea in abatement, where defendant did not appeal from such decree and assign errors on it. (*Post, pp. 51, 52.*)

---

*Headnotes 1. Pleading, 31 Cyc., p. 185; 2. Abatement and Revival, 1 C. J., Section 172; 3. Equity, 21 C. J., Section 568; 4. Judgments, 34 C. J., Section 436; 5. Judgments, 34 C. J., Section 437; 6. Appeal and Error, 3 C. J., Section 324; 7. Equity, 21 C. J., Section 873; 8. Equity, 21 C. J., Section 873; 9. Appeal and Error, 4 C. J., Section 2583.

FROM KNOX.

Appeal from the Chancery Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. Chas. Hays Brown, Chancellor.

Bowen & Bowen, for complainant.

S. E. N. Moore, for defendants.

Mr. Justice Hall delivered the opinion of the Court.

The bill in this cause was filed in the chancery court of Knox county October 16, 1923, by the Citizens' Bank & Trust Company, a corporation doing business and having its *situs* and office in Granger county, Tenn., against H. G. Bayles, who, the bill alleged, was a resident of Knox county, and C. H. Bunch, who, the bill alleged, was a resident of Jefferson county, but who was, in fact, a resident of Hamblen county, upon three promissory notes drawn by Bayles, two of which were secured by the indorsement of Bunch.

Process was issued to Knox county for Bayles and to Jefferson county for Bunch. Both of these processes were returned unexecuted by the officers to whom they were delivered for service. Thereupon *alias* processes were issued to Knox and Hamblen counties for Bayles and Bunch, respectively. The process issued to Hamblen county for Bunch was duly served, and he was regularly brought before the court. The *alias* process issued to

Knox county was returned unexecuted; the officer stating that he had made search for said defendant, and that he was not to be found in Knox county, and that he was informed that Bayles had gone to North Carolina.

The defendant Bunch filed a plea in abatement, averring that, at the time of the filing of the bill, and since, he was not a resident of Knox county, nor was process served upon him in Knox county.

The chancellor heard the issue made by the plea in abatement on April 23, 1924, which was at the November term, 1923, of the court. The testimony of the deputy sheriff, to whom the process which had issued to Knox county for Bayles was delivered for service, was to the effect that Bayles was a resident of Knox county at the time the bill was filed, and at the time the original process was issued; that he called at the residence of Bayles in the city of Knoxville for the purpose of serving the process upon him, but learned from his family that he was temporarily out of the State and in the State of Kentucky; that he therefore returned the process unexecuted; that when the *alias* process was delivered to him for service on Bayles he again called at his residence in Knoxville, and learned that, between that date and the date upon which he attempted to serve the original process, Bayles had returned from Kentucky, and had removed with his family from the State of Tennessee to North Carolina, and that he therefore returned the *alias* process unexecuted on Bayles.

The chancellor overruled the plea in abatement, to which the defendant Bunch excepted. Bunch was granted time in which to answer the bill, and he did answer,

setting up certain defenses in his answer which need not be stated in this opinion.

The cause came on to be finally heard by the chancellor on October 1, 1924, which was at the May term, 1924, of the court, upon the bill, exhibits thereto, and answer; the complainant having taken no proof, but relied upon the notes, which were exhibits to the bill, to make out his cause. The defendant Bunch took no proof to sustain the averments of his answer.

On the hearing, complainant voluntarily dismissed his bill as to the defendant Bayles, for the reason that he was never able to get service upon him. Thereupon, on motion of the defendant Bunch, he was permitted to withdraw his answer theretofore filed and refile his plea in abatement, which was by the chancellor sustained, and the bill dismissed at complainant's costs.

From the decree of the chancellor allowing the defendant Bunch to withdraw his answer and refile his plea in abatement, and sustaining the plea in abatement and dismissing the bill, complainant prayed, was granted, and perfected, an appeal to the court of appeals, and assigned errors.

The errors assigned by complainant in the court of appeals challenged the decree of the chancellor upon two grounds:

(1) As to the right of the court to permit the defendant Bunch to withdraw his answer and refile his plea in abatement; the chancellor having previously acted upon and overruled the former plea of the same nature.

(2) That the plea in abatement was not sustainable, because at the time of the filing of the bill, Bayles was a resident of Knox county, and, this being true, the

service of process upon him, or the failure to serve it, was wholly immaterial, and did not deprive the court of its jurisdiction of the defendant Bunch.

The court of appeals overruled these assignments of error, and affirmed the decree of the chancellor.

The cause was brought to this court by complainant on petition for the writ of *certiorari* to have the judgment of the court of appeals reviewed and reversed. The writ was granted, the cause set down for argument, and argument had.

It is insisted by complainant that the judgment of the court of appeals affirming the decree of the chancellor is erroneous, for the reason that the chancellor permitted the defendant Bunch, after his original plea in abatement had been overruled and said defendant had voluntarily appeared and answered the bill, to withdraw his answer and refile his plea in abatement.

Prior to the passage of chapter 121, Acts of 1897 (section 4625a1 of Shannon's Annotated Code), it was held in numerous cases that a voluntary appearance of a defendant is equivalent to the service of a summons within the jurisdiction of the court. *University* v. *Cambreling,* 6 Yerg., 79; *Calhoun* v. *Lillard,* 4 Hayw., 56; *Pope* v. *Harrison,* 16 Lea, 82; *Frazier* v. *Pankey,* 1 Swan, 75; *Hopper* v. *Fisher,* 2 Head, 255; *Squibb* v. *McFarland,* 11 Heisk., 563.

In *Simpson* v. *Railway Co.,* 15 S. W., 735, 89 Tenn., 304, it was held that, if the defendant appear and make defense to the merits, after his plea in abatement had been overruled upon a trial, it is a waiver of the plea.

Appearance and defense on the merits, by a defendant in chancery, after his plea in abatement, that the sub-

pœna to answer has been executed upon him while serving as a juror, has been overruled, was held to be a waiver of the plea. *Wilson* v. *Scruggs,* 7 Lea, 635; *Boon* v. *Rahl,* 1 Heisk., 12.

It was held in the first case cited that, if the defendant wishes to have the opinion of the supreme court on the sufficiency of his plea, he must abide by it and decline to plead over.

By section 1 of chapter 121, Acts of 1897, it is provided that a defendant has the right, upon the overruling of a plea in abatement in any cause filed by him to any action, to plead to the merits, and rely upon any defense, as if said plea had not been interposed.

Section 2 of said act provides that a defendant can in any suit plead both in abatement and in bar at the same time, and said plea in bar is no waiver of the plea in abatement, and, when so pleaded, both pleas shall be heard at the same time, and judgment rendered on each plea.

In *Railroad* v. *McCollum,* 59 S. W., 137, 105 Tenn. 623, this court, in construing this act, said: ''It will be noticed that in the first section defendant was given the right, upon the overruling of a plea in abatement, to plead to the merits and rely upon any defenses as if said plea had not been interposed. The second is not so broad in its terms, but we think must have the same construction. . . . The spirit and intent of the act seems to be to do away with the former necessity of standing by pleas in abatement and succeeding or failing upon that defense alone in a single issue, and to give the parties the right to do all their pleading at the same time if they wished.''

While the precise point we are now considering was not presented in *Sewell* v. *Tuthill,* 79 S. W., 376, 112 Tenn., 271, it was held that, upon judgment being rendered against a plea in abatement, either upon motion to strike out, or upon being set down for argument upon its sufficiency, or upon demurrer, or upon an issue as to its merits, the defendant has the right to plead over.

This case also involved the construction of the act of 1897, the insistence being made by the appellants that defendant had the right to plead over only when a plea in abatement had been stricken out as frivolous or overruled on demurrer, or when it was held insufficient; but this court overruled that contention, and held that, when a plea in abatement is overruled upon an issue as to its merits, the defendant still has the right to plead over.

In *Thach* v. *Continental Travelers' Mutual Accident Association,* 87 S. W., 255, 114 Tenn., 271, chapter 121 of the Acts of 1897 was again construed by this court. In that case the court said:

"The title of this act also indicates that it was not the purpose of the legislature to require the filing of the plea in bar and the dilatory plea at the same time, for the caption is, 'An act to permit a defendant to plead to the merits in any suit where a plea in abatement has been overruled and to permit a plea in bar to be filed at the same time of the filing of the plea in abatement and to provide how the issues are to be tried.'

"It is obvious that, under the second section of this act, the two pleas may be interposed simultaneously, if the pleader so desires; but under the first section he may interpose his plea in abatement independently, and, if that is overruled, he may then file his plea in bar."

We are of the opinion that, in view of the provisions of chapter 121, Acts of 1897, and the decisions above referred to, the defendant Bunch did not, by answering the bill after his original plea in abatement had been overruled by the chancellor, waive his plea, but was still entitled to rely on the same.

The fact that Bayles was named as defendant in the bill did not make him such. He was not served with process, and was never before the court. Process was served on Bunch only in Hamblen county. In this situation the cause stood as a suit against Bunch alone, and he was entitled to raise the question of the jurisdiction of his person by a plea in abatement. *Yancey* v. *Marriott,* 1 Sneed, 28; *Achy* v. *Holland,* 8 Lea, 510.

We think, however, the chancellor committed error in permitting the defendant Bunch, at a subsequent term of the court, to withdraw his answer and refile his plea in abatement. The effect of this was to set aside his former decree. As hereinbefore stated, the chancellor acted on and overruled the former plea at the November term, 1923, of the court. It was at the May term, 1924, that he permitted Bunch to withdraw his answer and refile his plea in abatement, and said plea was sustained, and the bill dismissed. At that time the decree overruling the plea formerly filed had become final, and it was beyond the power of the chancellor to modify or vacate it.

During the term at which they are rendered, all the orders, judgments, and decrees of the court are in the breast of the court, and subject to its control, and may be amended, modified, vacated, or overruled. *Theavenought* v. *Hardeman,* 4 Yerg., 565; *Timmons* v. *Garrison,* 4 Humph., 148; *Majors* v. *Blevins,* 6 Humph., 43; *Wil-*

153 Tenn.—4.

*liams* v. *Tenpenny,* 11 Humph., 176; *Hall* v. *Bewley,* 11 Humph., 106; *State* v. *Disney,* 5 Sneed, 598; *Scott* v. *State,* 7 Lea, 232; *Fraker* v. *Brazelton,* 12 Lea, 278; *Memphis, etc., R. Co.* v. *Johnson,* 16 Lea, 387; *State* v. *Dalton,* 72 S. W., 456, 109 Tenn., 544.

A court has no power over its final orders, judgments, or decrees rendered at a former term. The matter in judgment is concluded in that forum, and the record has become permanent and inviolable, unless the same be reversed or annulled by the action of a court of revisory jurisdiction over the subject. *Conn* v. *Whiteside,* 6 Humph., 48; *Vanbibber* v. *Sawyers,* 10 Humph., 81, 51 Am. Dec., 694; *Williams* v. *Tenpenny,* supra; *Andrews* v. *State,* 2 Sneed, 550; *Planters' Bank* v. *Fowlkes,* 4 Sneed, 462; *Tipton* v. *Bank,* 11 Heisk., 141; *Whitney* v. *State,* 6 Lea, 247; *Bomar* v. *Hagler,* 7 Lea, 86; *Johnson* v. *Tomlinson,* 13 Lea, 604; *Boyd* v. *Sims,* 11 S. W., 948, 87 Tenn., 771; *State* v. *Dalton,* supra.

This is the rule governing final judgments of all courts of record, save certain proceedings authorized by statute to correct errors resulting from clerical mistakes. *State* v. *Dalton,* supra; *State* v. *Disney,* supra.

The decree of the chancellor overruling the defendant's plea in abatement at the former term was interlocutory, but was not such an interlocutory decree as an appeal would lie therefrom under section 4889 of Shannon's Annotated Code. *Indemnity Co.* v. *Willard,* 151 S. W., 1029, 125 Tenn., 290.

While the line between interlocutory decrees, subject to be revised at a subsequent term, and those not subject to such reconsideration, cannot be scientifically defined, yet it may be stated as the general rule that, if such in-

terlocutory decree settles a principle, or adjudges a right, or determines an issue, then, in such case, it is not open for revision at a subsequent term. *Allen* v. *Shanks,* 16 S. W., 715, 90 Tenn., 359; *Boyd* v. *Sims,* 11 S. W., 948, 87 Tenn., 771; *Johnston* v. *Hanner,* 2 Lea, 8; *Meek* v. *Mathis,* 1 Heisk., 534; *Vaccaro* v. *Cicalla,* 14 S. W., 43, 89 Tenn., 63.

If, however, it be a mere order adjudging no issue— as an order concerning the preparation of the cause, or an order granting an injunction, or dissolving or modifying one—such orders are subject to revision and reconsideration at the subsequent term, for they are in no sense an adjudication of rights. *Allen* v. *Shanks,* supra.

These decisions are justified under section 4699 of Shannon's Annotated Code, which is as follows:

"A judgment or decree may be interlocutory or final to be determined by the subject-matter and substantial purport thereof."

In other words, all interlocutory decrees which determine an issue shall be treated as final and not subject to review at a subsequent term.

In the instant cause, proof was taken upon the plea in abatement, and the issue decided adversely to the defendant. The decree was final as far as that issue was concerned, and the chancellor was without authority to reconsider it at a subsequent term.

The defendant's only recourse was to have the decree reviewed. He did not appeal from said decree and assign errors upon it, and it is therefore beyond the power of this court to review and reverse it.

It results that the judgment of the court of appeals will be reversed, and a decree will be entered here against

the defendant Bunch in favor of complainant on the notes indorsed by him. He will also be taxed with the costs of the cause, less the costs accruing by reason of process having been issued to Knox county for Bayles. The costs incident to this will be taxed against complainant.