**Carolyn ALLEN, Plaintiff,**

**v.**

**CLINCHFIELD RAILROAD COMPANY,
Defendant.**

**Civ. A. No. 2359.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

April 2, 1971.

John R. Jones, Erwin, Tenn., for plaintiff.

Dennis Erwin, Tucker & Erwin, Erwin, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This action by a decedent's widow for his wrongful death was dismissed by the Court, on the ground that the complaint fails to state a claim upon which relief can be granted, Rule 12(b) (6), Federal Rules of Civil Procedure, in that a wrongful death action under the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq., accrues only to the personal representative of the decedent-employee, for the benefit of the surviving widow or husband of the employee. 45 U.S.C. § 51. See memorandum opinion and order of January 12, 1971 herein. Mrs. Allen had commenced this action in her individual capacity on April 4, 1969, after having been discharged as the administratrix of her late husband's estate on September 21, 1968.

It is conceded that Mrs. Allen and her bondsman were discharged upon approval of the final settlement of the estate of Dennis D. Allen, deceased, by order of the county chairman, as judge of the monthly County (Probate) Court of Unicoi County, Tennessee. However, the plaintiff contends that such probate court vacated such order of September 21, 1968 on January 11, 1971, *nunc pro tunc* September 21, 1968, and that Mrs. Allen remains the personal representative of her late husband's estate and entitled to maintain this action for his wrongful death. This Court disagrees.

■ As to its probate records, such court was a court of record. Page v. Turcott (1943), 179 Tenn. 491, 167 S.W. 2d 350, 354–355 [10]. Such court had no power over its final order rendered at a former term, except for certain proceedings authorized by statutes (T.C.A. §§ 20–1512, 20–1513) to correct errors resulting from clerical mistake; same had become permanent and inviolable, unless reversed or annulled by a court of revisory jurisdiction over the subject. Citizens Bank & Trust Co. v. Bayles (1925), 153 Tenn. 40, 49–50 [4–5], 281 S.W. 932.

■■ However, as there is no person representing the plaintiff's decedent as administrator or executor, and as there is a claim due the estate of the decedent which, because of the discharge of the administratrix, was not collected by the administratrix during her administration, T.C.A. § 30–1401 provides:

* * * then, the next of kin of such deceased persons may sue for, receive, and collect such claims in their own names, provided, that the same so received shall be distributed in accordance with the statutes of descent and distribution, if such person left no will * * *.

This statute allows the plaintiff Mrs. Allen and her three minor children, by her as their next friend, respectively, to maintain this action. " * * * Less than the whole cannot represent the estate, or protect the party sued. * *" Trafford v. Wilkinson (1877), 3 Tenn. Ch.R. 449, 452. "Next of kin" means "next or nearest in blood", Helms, Adm'r v. Elliott (1890), 89 Tenn. 446, 450, 14 S.W. 930, as a matter of genealogy and without reference to any statute of descent and distribution, Fariss v. Bry-Block Company (1961), 208 Tenn. 482, 346 S.W.2d 705, 709 [5].

■ Under the authority of the last cited statute, the plaintiff is allowed 20 days in which to amend the complaint herein, such leave being required by justice, Rule 15(a), Federal Rules of Civil Procedure, so as to add also as plaintiffs: Wilma Lynn Allen, John P. Allen, and Martha Robin Allen, each a minor, and each suing by his or her next friend Carolyn Allen. It appearing that the claim of the plaintiffs as a class arose out of the conduct and occurrence set forth in the original complaint, such amendment shall relate back to the date of the original complaint herein. Rule 15(c), Federal Rules of Civil Procedure; see also Missouri, K. & T. R. Co. v. Wulf (1913), 226 U.S. 570, 575, 33 S.Ct. 135, 57 L.Ed. 355, 363.

■ The aforementioned information not having been before the Court on January 12, 1971, upon payment by the plaintiff of the costs of this action through that date, the plaintiff hereby is relieved from the order of this Court of that date, for the reason of a mistake in the Court's understanding factual situations then extant. Rule 60(b), Federal Rules of Civil Procedure.

Upon the filing of the amendment referred to herein, the clerk will reassign this action for pretrial conference.