IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 19, 2025 Session

## ARACELI CORDOVA ET AL. v. NASHVILLE READY MIX, INC. ET AL.

**Appeal from the Circuit Court for Cheatham County**
**No. 6214      Larry J. Wallace, Judge**

_____

**No. M2024-00467-COA-R3-CV**

_____

This case concerns a dispute regarding attorney's fees. Appellee is the next of kin of the attorney who represented Appellants for a period of time in the underlying wrongful death action. After Appellants terminated his representation, the attorney filed a notice of attorney's lien. A few years later, while represented by their new counsel, Appellants settled their claims against the underlying defendants. While pursuing the attorney's lien, the attorney died. Thereafter, the attorney's estate was substituted as a party. In a previous appeal, we reviewed the trial court's $133,333.33 attorney's fee award to the attorney's estate. We affirmed the trial court's conclusion that Appellants owe the attorney's estate fees and that the result the attorney obtained for Appellants was a $400,000.00 settlement offer. In the first appeal, we vacated the $133,333.33 attorney's fee award and remanded the case with instructions for the trial court to make findings consistent with Rule 1.5(a) of the Tennessee Rules of Professional Conduct. Following remand, the attorney's estate was closed, and Appellee sought to be substituted, individually, as a party to this action. The trial court allowed the substitution, over Appellants' objections. Concerning the amount of attorney's fees, the trial court referred the parties to a special master, who disregarded this Court's prior opinion, wherein we affirmed that the "results obtained" by the deceased attorney was a $400,000.00 settlement offer. Rather, the special master concluded that the "results obtained" was a $450,000.00 settlement offer and awarded attorney's fees of $150,000.00 based on that amount. The trial court adopted the special master's findings. Although we affirm the trial court's substitution of Appellee as a party, we vacate the award of $150,000.00 in attorney's fees as this amount is in conflict with the law of the case, *i.e.,* this Court's previous conclusion that the results the attorney obtained was a $400,000.00 settlement offer.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed in Part; Vacated in Part; and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

David M. Rich, Nashville, Tennessee, for the appellants, Araceli Cordova, Yaretsi Garcia Cordova, and Alfredo Garcia Cordova.

Mark R. Olson, Clarksville, Tennessee, for the appellee, Rachel H. Wall.

**OPINION**

**I. Background**

This appeal arises from a contentious attorney's fees dispute that has been pending since 2016. In the interest of judicial economy, we will discuss only those facts and proceedings that are relevant to this appeal.

On March 14, 2013, Sergio Garcia Lopez died from injuries he sustained in the scope of his employment. The next day, Mr. Lopez's wife, Araceli Cordova, entered into a one-third contingency fee agreement ("Fee Agreement") with Attorney Gary J. Hodges to represent her in a personal injury lawsuit. In the event Ms. Cordova terminated Attorney Hodges' representation before she was awarded a settlement or judgment, the Fee Agreement provided him with a reasonable fee. In May 2013, Attorney Hodges filed, in the Cheatham County Circuit Court ("trial court"), a wrongful death action against Nashville Ready Mix of West Nashville, LLC ("Ready Mix") and Ready Mix employee Robert Ashabrunner (together with Ready Mix, "Underlying Defendants") on behalf of Ms. Cordova, individually and on behalf of her and Mr. Lopez's two minor children, Alfredo and Yaretsi Garcia Cordova (together, "Appellants").

On June 20, 2014, Appellants terminated their relationship with Attorney Hodges and retained Attorneys David Rich and David Hall of the firm then-known as Honeycutt, Doyle, and Rich, PLLC ("HDR"). On June 23, 2014, Attorney Hodges filed a notice of attorney's lien in the trial court, seeking attorney's fees from Appellants "per [the] Fee [Agreement] between the client and Gary J. Hodges." On July 25, 2014, Appellants filed a notice of objection to the attorney's lien.

In September 2016, while represented by HDR, Appellants settled their claims with the Underlying Defendants for $1,350,000.00. Shortly thereafter, Appellants moved for a determination of whether Attorney Hodges was entitled to recover on his attorney's lien. The trial court ordered the parties to attend a judicial settlement conference, which proved unsuccessful. The motion was set for hearing, and the parties were given until October 6, 2017, to file their briefs with the trial court.

On September 22, 2017, Attorney Hodges died. On October 6, 2017, rather than filing a brief, Attorney Hodges' attorney, Mark Olson, filed a motion to extend the filing period. Therein, Attorney Olson announced that Attorney Hodges died and averred that he had "not had an opportunity to have an in-depth discussion regarding the matters" with

Attorney Hodges' heir. The trial court extended the briefing deadline to December 1, 2017.

## First Special Master's Findings

In March 2018, the trial court entered an order appointing Attorney David Brogdon as Special Master to issue findings concerning the attorney's lien. In April 2018, Attorney Hodges' Estate ("Hodges Estate") filed a Suggestion of Death and a motion to substitute the Hodges Estate for Attorney Hodges.

On June 19, 2018, Special Master Brogdon conducted a telephone hearing. On August 3, 2018, Special Master Brogdon issued his findings ("First Special Master's Findings"), in which he, *inter alia*, found that: (1) Attorney Hodges was entitled to a reasonable fee as provided in the contract with Appellants; (2) Attorney Hodges secured a firm settlement offer of $400,000.00 for Appellants before they terminated his representation; (3) Attorney Hodges' claim for fees would survive his death; and (4) HDR obtained a settlement amount that was $950,000.00 greater than the amount Attorney Hodges obtained, and HDR's fee should be based on that increase and not include the initial $400,000.00 offer. Accordingly, Special Master Brogdon awarded: (1) the Hodges Estate $133,333.33 (1/3 of $400,000.00); and (2) HDR $316,666.66 (1/3 of $950,000.00). In these findings, the Special Master recommended that the trial court substitute the Hodges Estate as a party for Attorney Hodges. The Special Master charged $3,260.00 as his fee, and this amount was paid from Appellants' settlement proceeds. In the findings, the Special Master also outlined the awards to be divided among Appellants, Traveler's Insurance (as subrogation for payment of worker's compensation benefits), and the children's guardian ad litem. Eventually, the trial court ordered the disbursement of these awards (including the Special Master's fee), and they are not at issue in this appeal. The remaining funds, which are to be apportioned among Appellants' previous and current attorneys, remain on deposit with the trial court pending this appeal.

On October 26, 2018, the trial court entered an order adopting the First Special Master's findings verbatim. In this order, the trial court substituted the Hodges Estate as a party for Attorney Hodges. Appellants and the Hodges Estate appealed certain portions of the trial court's order.

## *Cordova I* and Remand

On May 19, 2020, this Court issued its opinion, ***Cordova ex rel. Alfredo v. Nashville Ready Mix, Inc.***, No. M2018-02002-COA-R3-CV, 2020 WL 2534322 (Tenn. Ct. App. May 19, 2020) ("***Cordova I***"). Relevant here, in ***Cordova I***, this Court, *inter alia*: (1) affirmed the trial court's substitution of the Hodges Estate for Attorney Hodges; (2) concluded that the "result obtained" by Attorney Hodges was a $400,000.00 settlement offer; and (3) vacated the trial court's award of $133,333.00 in attorney's fees to the Hodges Estate on its conclusion that the trial court failed to consider the relevant facts and

the Tennessee Rules of Professional Conduct Rule 1.5(a) factors when reviewing the fee award.

Following remand from *Cordova I*, on July 29, 2020, the trial court ordered the parties to attend mediation, which was unsuccessful. On August 5, 2021, the trial court entered an order referring the parties to a second Special Master, Attorney Kirk Vandivort. In the order, the trial court, *inter alia*, directed the Special Master "to preside as Master on the unresolved issue of division of attorneys' fees (The Master shall consider the Tennessee Court of Appeals decision rendered on May 19, 2020, in making its ruling as well)."

## Hodges Estate Probated

During this time, Attorney Hodges' Last Will and Testament ("Will") was admitted to probate in the Chancery Court of Dickson County ("Probate Court"). In the Will, Attorney Hodges named his daughter, Appellee Rachel Wall, as his sole beneficiary and heir, and Ms. Wall served as Executrix of the Hodges Estate. On October 5, 2020, Ms. Wall, as Executrix, filed a petition to close the Hodges Estate, and, on October 15, 2020, the Probate Court entered an order granting the petition. In this order, Ms. Wall was "fully discharged and released from all liability in her capacity as Executrix."

## Trial Court Proceedings Post-Closure of Hodges Estate

On November 1, 2021, Appellants filed, *inter alia*, a motion to dismiss the Hodges Estate for lack of standing and jurisdiction because the Estate was closed in October 2020. On January 25, 2022, Ms. Wall filed a motion to substitute herself, individually, for the Hodges Estate, arguing that she was the only child of Attorney Hodges, that she received an assignment of Attorney Hodges' claim against Appellants from the Hodges Estate, and that she was entitled to a portion of the settlement proceeds under Tennessee Code Annotated section 30-2-714, discussed further, *infra*. On March 1, 2022, Appellants filed their response in opposition to the substitution motion. By order of July 22, 2022, the trial court allowed the substitution, finding that "T.C.A. § 30-2-714 was essentially created to allow the situation in the case at bar." In this order, the trial court also denied Appellants' motion to dismiss the Hodges Estate for lack of standing and jurisdiction.

On February 21, 2023, Appellants filed a motion to dismiss Ms. Wall's claim, arguing that she was unable to pursue Attorney Hodges' lien in her individual capacity because doing so violated Rule 5.4 of the Tennessee Rules of Professional Conduct. On April 20, 2023, the trial court ordered the Special Master to hear all remaining contested issues.

## Second Special Master's Findings

On July 17, 2023, Special Master Vandivort conducted a hearing. Two witnesses

testified: (1) Attorney Robert J. Martin, who associated with Attorney Hodges in the initial representation of Appellants;[1] and (2) Emma Hockaday, Attorney Martin's legal assistant. On October 2, 2023, Special Master Vandivort issued his report ("Second Special Master's Findings"). Therein, Special Master Vandivort reviewed the Tennessee Rules of Professional Conduct Rule 1.5(a) factors. Apparently ignoring this Court's holding in **Cordova I**, the Special Master found that, on April 29, 2014, a firm offer was made to settle Appellants' case for $450,000.00, and this was "the result that had been obtained" by Attorney Hodges. Citing the relevant factors, Special Master Vandivort found that $150,000.00 (1/3 of $450,000.00) was a reasonable attorney's fee for Attorney Hodges' work on the case and that this amount should be awarded to Ms. Wall. The Special Master found that the balance of the funds held in the Clerk's Office should be awarded to Appellants and their current counsel. Finally, the Special Master ordered his $10,472.50 fee to be split between the parties. Also, the Special Master denied Appellants' motion to dismiss Ms. Wall's claim finding that the trial court's July 22, 2022 order allowing Ms. Wall's substitution resolved the issue.

On October 6, 2023, Ms. Wall moved the trial court to confirm the Second Special Master's Findings; on February 23, 2024, Appellants filed an objection to the trial court's adoption of the Second Special Master's Findings. On March 7, 2024, the trial court entered its final order, adopting the Second Special Master's Findings in total, taxing the cost of Special Master Vandivort to the parties equally, and declining to award either party attorney's fees. Appellants filed a timely notice of appeal.

## II. Issues

Appellants raise four issues, as stated in their brief:

1. Whether Appellee Rachel Wall, an individual non-attorney, is eligible to recover an attorney's lien against the Appellant's wrongful death tort recovery.

2. Whether the Trial Court abused its discretion in adopting the Second Special Master's findings in total without sufficient support in the record.

3. Whether Appellant was late in objecting to the Second Special Master's findings pursuant to Rule [53.04] of the Tennessee Rules of Civil Procedure.

4. Whether the costs of the Special Master, as well as prejudgment and post-judgment interest should be awarded to the Appellant.

---

[1] On May 24, 2023, this Court issued a second opinion concerning these parties, **Cordova v. Martin**, 677 S.W.3d 654, 656 (Tenn. Ct. App. 2023), *perm. app. denied* (Oct. 11, 2023) ("**Cordova II**"). **Cordova II** involved Appellants' malicious prosecution claim against Attorney Martin and is unrelated to the current appeal.

Ms. Wall raises three issues for our review, as stated in her brief:

1. The Appellee seeks an award of Pre Judgment Interest and Post Judgment Interest related to the award of the Special Master. The Pre Judgment interest should be from the date of the settlement of the underlying civil action and the deposit of the disputed funds with the Circuit Court of Cheatham County, Tennessee. A remand to determine the appropriate interest Judgment is sought.

2. The Appellee seeks a Judgment for the attorney's fees incurred by the Appellee in this civil action, to include the fees incurred in all stages of the litigation including the Court Ordered mediation, the First Special Master's Hearing, the Second Special Master's Hearing, the 2020 Appeal Matter, and this Appeal Matter. The recovery of fees is based on the contract of Mr. Hodges and Ms. Cordova. A remand to determine the appropriate interest Judgment is sought.

3. The $150,000.00 Judgement for Attorney's Fees should be affirmed.

### III. Standard of Review

We review a non-jury case "*de novo* upon the record with a presumption of correctness as to the findings of fact, unless the preponderance of the evidence is otherwise." ***Bowden v. Ward***, 27 S.W.3d 913, 916 (Tenn. 2000) (citing Tenn. R. App. P. 13(d)). The trial court's conclusions of law are reviewed *de novo* and "are accorded no presumption of correctness." ***Brunswick Acceptance Co., LLC v. MEJ, LLC***, 292 S.W.3d 638, 642 (Tenn. 2008). Concerning our review of the Special Master's findings, this Court has explained:

> A concurrent finding of a Special Master and a Trial Court is conclusive on appeal, except where it is upon an issue not proper to be referred, where it is based on an error of law or a mixed question of fact and law, or where it is not supported by any material evidence. ***Long v. Long***, 957 S.W.2d 825, 828 (Tenn. Ct. App. 1997); ***Aussenberg v. Kramer***, 944 S.W.2d 367, 370 (Tenn. Ct. App. 1996); ***Archer v. Archer***, 907 S.W.2d 412, 415 (Tenn. Ct. App. 1995).

***Manis v. Manis***, 49 S.W.3d 295, 301 (Tenn. Ct. App. 2001).

### IV. Analysis

Although the parties raise several issues, we address only two: (1) whether the trial court erred in substituting Ms. Wall for the Hodges Estate; and (2) whether the trial court erred in adopting the Second Special Master's finding that the "result obtained" by Attorney Hodges amounted to $450,000.00. As to the remaining issues, we conclude that

- 6 -

each party has waived one of their stated issues, and, for the reasons discussed below, all other issues are moot.

## A. Waived Issues

We conclude that Appellants have waived their fourth issue, and that Ms. Wall has waived her second issue. Tennessee Rule of Appellate Procedure 27(a)(7)(A) provides that an appellant's brief shall contain:

> (7) An argument, which may be preceded by a summary of argument, setting forth:
>
> > (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on[.]

Tenn. R. App. P. 27(a)(7)(A). Tennessee Rule of Appellate Procedure 27(b) provides that an appellee's brief shall also contain an argument, as required by Tennessee Rule of Appellate Procedure 27(a)(7)(A), *supra*. Furthermore, "[i]f [an] appellee is also requesting relief from the judgment, the brief of the appellee shall contain the issues and arguments involved in his request for relief as well as the answer to the brief of appellant." Tenn. R. App. P. 27(b); *see also* **Charles v. McQueen**, 693 S.W.3d 262, 284 (Tenn. 2024) (citing Tenn. R. App. P. 27(b)) ("But an appellee need only include a statement of issues 'to the extent that the presentation by the appellant is deemed unsatisfactory' or if 'requesting relief from the judgment.'"). Additionally, Tennessee Court of Appeals Rule 6 requires a written argument for *each issue* on appeal. Tenn. R. Ct. App. 6.

The Tennessee Supreme Court has explained that "[a]n issue may be deemed waived, even when it has been specifically raised as an issue, when the brief fails to include an argument satisfying the requirements of [Tennessee Rule of Appellate Procedure] 27(a)(7)." **Hodge v. Craig**, 382 S.W.3d 325, 335 (Tenn. 2012); *see also* **Forbess v. Forbess**, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011) ("This [C]ourt has repeatedly held that a party's failure to cite authority for its arguments or to argue the issues in the body of its brief constitute a waiver on appeal."); **Bean v. Bean**, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) ("Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue."). As this Court has stated:

> "[T]his Court is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed." [***Owen v. Long Tire***, LLC, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011)]. "It is not the role of the courts, trial or

appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010).

\*\*\*

"[T]he Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." *Bean*, 40 S.W.3d at 54-55 (citing *Crowe v. Birmingham & N.W. Ry. Co.*, [1 S.W.2d 781] (1928)). "[A]ppellate courts may properly decline to consider issues that have not been raised and briefed in accordance with the applicable rules." *Waters v. Farr*, 291 S.W.3d 873, 919 (Tenn. 2009).

*Clayton v. Herron*, No. M2014-01497-COA-R3-CV, 2015 WL 757240, at *2-3, (Tenn. Ct. App. Feb. 20, 2015).

Appellants' waived issue questions "[w]hether the costs of the Special Master, as well as prejudgment and post-judgment interest should be awarded to [] Appellant." Appellants' brief wholly fails to provide any substantive argument concerning this issue. As such, there is nothing for this Court to review, and the issue is waived.

Ms. Wall's waived issue seeks a judgment for the attorney's fees incurred while pursuing Attorney Hodges' attorney's fee claim. In her stated issue, Ms. Wall asks this Court "to include the fees incurred in all stages of the litigation including the Court Ordered mediation, the First Special Master's Hearing, the Second Special Master's Hearing, the 2020 Appeal Matter, and this Appeal Matter," and she alleges that "[t]he recovery of fees is based on the contract [between] [Attorney] Hodges and Ms. Cordova." Although, in her brief, Ms. Wall purports to present an argument under the heading "Appellee's Second Issue," we conclude that this "argument" is wholly unrelated to her stated issue. Indeed, Ms. Wall fails to develop an argument or provide any law concerning why she is entitled to attorney's fees incurred in pursuit of Attorney Hodges' attorney's lien when Ms. Wall was not a party to the contract, *i.e.,* the Fee Agreement. Likewise, Ms. Wall provides no argument or authority as to why she should collect the attorney's fees that Attorney Hodges and the Hodges Estate incurred before Ms. Wall was substituted as a party. Rather, in her brief, Ms. Wall states that Attorney Hodges' claim was based on a contract, *i.e.,* the Fee Agreement, and that the Fee Agreement was discussed by this Court in *Cordova I*. Ms. Wall then extensively quotes *Cordova I*, wherein we stated that "[i]t is undisputed that [Attorney] Hodges was discharged; thus, by contract, he was entitled to a 'reasonable attorney's fee.'" *Cordova I*, 2020 WL 2534322, at *10. The remainder of the block quotation from *Cordova I* discussed: (1) how courts determine a reasonable fee; (2) Rule

- 8 -

1.5(a) of the Tennessee Rules of Professional Conduct; (3) that Appellants owed Attorney Hodges a reasonable fee; (4) that Attorney Hodges obtained a $400,000.00 settlement offer for Appellants; and (5) that, because the First Special Master and the trial court failed to consider the relevant factors in Rule 1.5(a), we vacated the attorney's fee awarded to the Hodges Estate. *Id.* at *10-11. After the foregoing block quotation, in her appellate brief, Ms. Wall concludes:

> During the First Special Master's hearing no testimony was presented. Only written documents and argument. During the Second Special Master's hearing extensive testimony was presented by Appellees witnesses. The Appellants called no witnesses. An award of $150,000.00 was made and confirmed by the [trial c]ourt.
>
> A remand for attorney's fees payable consistent with the Hodges' contract is sought.

Based solely on the foregoing, Ms. Wall seeks an award for the attorney's fees Attorney Hodges, the Hodges Estate, and she incurred while pursuing the attorney's lien. This is a wholly separate issue from whether Attorney Hodges was owed a reasonable attorney's fee for his representation of Appellants, *i.e.,* the subject discussed in the block quotation from **Cordova I**, *supra*. Because Ms. Wall fails to construct an argument related to her second issue, the issue is waived. **Sneed**, 301 S.W.3d at 615. We now turn to the remaining issues.

## B. Substitution of Ms. Wall for the Hodges Estate

Appellants argue that the trial court erred when it substituted Ms. Wall, individually, to pursue recovery under Attorney Hodges' lien. Specifically, Appellants allege that "it is both legally and ethically improper for [Ms. Wall], an individual non-lawyer, who previously served as executrix of the [Hodges Estate], to assign herself such a claim that was extinguished by the willful and knowing closure of [the] Estate." In support of this argument, Appellants cite Tennessee Rule of Professional Conduct 5.4. Ms. Wall maintains that substitution was proper under Tennessee Code Annotated section 30-2-714.

Tennessee Rule of Professional Conduct 5.4 is titled "Professional Independence of a Lawyer." Tenn. Sup. Ct. R. 8, RPC 5.4. It provides that a lawyer shall not: (1) share legal fees with a nonlawyer absent certain exceptions; (2) form a partnership with a nonlawyer that consists of the practice of law; (3) permit a person who recommends, employs, or pays the lawyer to render legal services for another person to direct or regulate the lawyer's professional judgment in providing such legal services; and (4) practice with or form a professional corporation that is authorized to practice law for profit if a nonlawyer owns any interest therein, is a corporate director or officer, or has the right to direct or control the professional judgment of a lawyer. Tenn. Sup. Ct. R. 8, RPC 5.4. The comments to Rule 5.4 further clarify:

- 9 -

[1] The provisions of this Rule express traditional limitations on sharing fees with and the co-ownership of law practices by nonlawyers. These limitations are to protect the lawyer's independence of professional judgment. Where someone other than the client pays the lawyer's fee or salary, or recommends employment of the lawyer, that arrangement does not modify the lawyer's obligation to the client. As stated in paragraph (c), such arrangements should not interfere with the lawyer's professional judgment.

[2] This Rule also expresses traditional limitations on permitting a third party to direct or regulate the lawyer's professional judgment in rendering legal services to another. *See also* RPC 1.8(f) (lawyer may accept compensation from a third party as long as there is no interference with the lawyer's independent professional judgment and the client gives informed consent).

Tenn. Sup. Ct. R. 8, RPC 5.4, cmts. 1, 2.

The foregoing authority clearly demonstrates that Rule 5.4 was written "to protect the lawyer's independence of professional judgment." Tenn. Sup. Ct. R. 8, RPC 5.4, cmt. 1. By prohibiting lawyers from, *inter alia*, sharing legal fees and forming partnerships or corporations with nonlawyers, the rule ensures that clients, *i.e.,* the public, receive independent legal services that are not affected by outside obligations or influences from persons or partnerships that do not provide legal services.

Appellants argue that allowing Ms. Wall "to assign herself a claim to share in legal fees would contravene Rule 5.4, undermining the ethical framework designed to protect the practice of law from non-lawyer interference and financial claims." Importantly, Ms. Wall is not attempting to "share" in Attorney Hodges' legal fees. It is undisputed that Appellants terminated their relationship with Attorney Hodges in June 2014, that Attorney Hodges died in September 2017, and that Ms. Wall was never employed at her father's legal practice. It is axiomatic that neither Attorney Hodges nor Ms. Wall currently represents Appellants. Rather, as Attorney Hodges' sole heir, Ms. Wall is seeking to collect on a *claim* that Appellants owe to Attorney Hodges for his *previous representation* of them. Ms. Wall's pursuit of this claim does not threaten or interfere with the independent and professional judgment of any attorney, let alone Attorney Hodges, who is deceased. As such, we conclude that Rule 5.4 is inapplicable here and does not bar Ms. Wall's pursuit of her father's claim.

Ms. Wall argues that the trial court correctly determined that Tennessee Code Annotated section 30-2-714(a) "was essentially created to allow the situation in the case at bar." When applying any statute, a court has a duty to ascertain and fully effectuate the "legislative intent [of the statute], taking care not to broaden [it] beyond its intended scope . . . ." *Womack v. Corr. Corp. of Am.*, 448 S.W.3d 362, 366 (Tenn. 2014) (citing *Shore v. Maple Lane Farms, LLC*, 411 S.W.3d 405, 420 (Tenn. 2013); *Carter v. Bell*, 279 S.W.3d

- 10 -

560, 564 (Tenn. 2009)). As the Tennessee Supreme Court has explained, "[o]ur analysis naturally begins with the words used in the statute," *Womack*, 448 S.W.3d at 366 (citing *Shore*, 411 S.W.3d at 420), and we must interpret those words under their "natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose." *Id.* (quoting *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012)).

Tennessee Code Annotated section 30-2-714(a) provides that,

> when all the debts of any deceased person are paid in full, and the administrator or executor of the deceased person[] has resigned, or is dead, and there is no person representing the deceased person as administrator or executor, and there are claims due the estate of the decedent, that, from insolvency or other cause, were not collected by the administrator or executor of the decedent, then, the next of kin of the deceased persons may sue for, receive, and collect those claims in their own names[.]

Tenn. Code Ann. § 30-2-714(a). Appellants dispute that the statute allows Ms. Wall, individually, to pursue Attorney Hodges' fee claim. As an initial matter, Appellants argue that section 30-2-714 "governs the compensation of personal representatives," and "sets out the permissible compensation and allowances for personal representatives managing estates." From the plain language of the statute, Appellant's interpretation is incorrect. Section 30-2-714 does not discuss compensation for personal representatives. *But cf.* Tenn. Code Ann. § 30-2-317(a) (providing for reasonable compensation for an estate's personal representative and the personal representative's counsel). Appellants also allege that section 30-2-714 "does not authorize personal representatives, particularly non-lawyer executrices, to assign themselves individually attorney's fee claims of a lawyer's estate to share in an attorney's fee under Rule 5.4 of the Tennessee Rules of Professional Conduct." As an initial matter, the statute does not authorize the actions of any personal representative because it concerns the proper procedure for pursuing a claim when "*there is no person representing the deceased person as administrator or executor*[.]" Tenn. Code Ann. § 30-2-714(a) (emphasis added). Furthermore, the statute does not distinguish between lawyers and nonlawyers, and it does not reference Rule 5.4. Additionally, as discussed *supra*, Appellee is not seeking to share in Attorney Hodges' attorney's fee. Rather, she is pursuing a claim that was owed to Attorney Hodges before his death. Finally, Appellants argue that section 30-2-714 does not confer "any right on Appellee to individually substitute for the Estate of Hodges after willfully effecting the Estate's closure[.]" There is simply no language in the statute to support this interpretation. Indeed, Appellants have provided no law to support such interpretation, and we decline to adopt Appellants' interpretation as doing so would restrict the application of the statute in a manner that the Tennessee Legislature did not intend.

Caselaw interpreting section 30-2-714 is limited; however, we find the case of *Allen v. Clinchfield Railroad Company*, 325 F. Supp. 1305 (E.D. Tenn. 1971), to be instructive.

Although *Allen* was decided in the federal district court, we find its reasoning persuasive. Briefly, *Allen* concerned a wrongful death action initiated by the decedent's widow in her individual capacity. *Id.* at 1306. Upon the final settlement of her husband's estate, the widow was discharged as the administratrix. *Id.* at 1306-07. Thereafter, the widow brought the wrongful death action. *Id.* at 1306. The district court initially dismissed the case on the ground that a wrongful death action under the Federal Employers' Liability Act accrued only to the personal representative of the decedent-employee. *Id.* However, on review of its previous order, the *Allen* Court concluded that, because there was "no person representing the plaintiff's decedent as administrator or executor, and as there [was] a claim due the estate of the decedent which, because of the discharge of the administratrix, was not collected by the administratrix during her administration," section 30-2-714 provided authority for the widow and her three minor children to maintain the wrongful death action. *Id.* at 1307.[2] Similarly, in this case, Attorney Hodges' claim for attorney's fees in the underlying wrongful death action went uncollected during the Hodges Estate's administration. After the Estate closed, Attorney Hodges' interest in that claim went unrepresented. Section 30-2-714(a), grants Ms. Wall, as Attorney Hodges' next of kin, the authority to sue, in her own name, to collect on her father's claim against Appellants. Accordingly, we affirm the trial court's substitution of Ms. Wall for the Hodges Estate.

### C. Second Special Master's Finding

While we affirm the trial court's decision to substitute Ms. Wall, we vacate the trial court's $150,000.00 award. Our conclusion is predicated on our holding in *Cordova I* and the Second Special Master's disregard for same. One of the factors courts must consider in determining the reasonableness of an attorney's fee is "the amount involved and the results obtained" in the underlying action. Tenn. Sup. Ct. R. 8, RPC 1.5(a)(4). As discussed *supra*, in *Cordova I* we "affirm[ed] the finding that the $400,000 offer was the 'results obtained' as contemplated by Tenn. Sup. Ct. R. 8, RPC 1.5(a)(4)." *Cordova I*, 2020 WL 2534322, at *11. The Hodges Estate did not appeal our holding. Thus, the law of the case is that Attorney Hodges obtained a $400,000.00 settlement offer from the Underlying Defendants. This Court has explained:

> Under the law of the case doctrine, the appellate court's ruling becomes the law of the case, binding on the parties and on the trial court on remand. *State ex rel. Sizemore v. United Physicians Ins. Risk Retention Group*, 56 S.W.3d 557, 566 (Tenn. Ct. App. 2001). In general, the law of the case doctrine prohibits reconsideration of issues actually decided or necessarily decided by implication in a prior appeal in the same case. *State v. Jefferson*, 31 S.W.3d 558, 560-61 (Tenn. 2000); *Memphis Pub. Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998); *Ladd*

---

[2] We note that, while *Allen* cites to the previous statutory section, section 30-1401, the statutory language quoted in the opinion is similar to the language currently found in section 30-2-714(a).

*v. Honda Motor Co., Ltd.*, 939 S.W.2d 83, 90 (Tenn. Ct. App. 1996). Thus, except in certain limited situations, the trial court cannot revisit an issue decided in a prior appeal in the same case. *Memphis Pub. Co.*, 975 S.W.2d at 306.

*Raleigh Commons, Inc. v. SWH, LLC*, 580 S.W.3d 121, 132 (Tenn. Ct. App. 2018) (quoting *Thornton v. Massey*, No. W2013-01022-COA-R3-CV, 2014 WL 2472206, at \*13 (Tenn. Ct. App. May 30, 2014)). Despite the trial court ordering the Second Special Master to consider this Court's opinion in *Cordova I*, the Second Special Master found:

> The letter dated April 29, 2014, which is a firm offer, makes the offer of $450,000.00 to conclude the case, which was the only firm offer prior to the termination letter from Ms. Cordova to Attorney Hodges dated June 20, 2014. To that point in the case, ***the amount of $450,000.00 was the result that had been obtained***.

(Emphasis added). The Second Special Master based the $150,000.00 award of attorney's fees on the $450,000.00 amount, rather than the $400,000.00 amount. As discussed above, it is the law of the case that Attorney Hodges obtained a $400,000.00 settlement offer for Appellants in the underlying lawsuit. Thus, the Second Special Master's finding of a $450,000.00 offer was error, as was the trial court's adoption of that finding. Accordingly, we vacate the $150,000.00 award to Ms. Wall and remand the case for a determination of the amount of attorney's fees based on the $400,000.00 settlement offer Attorney Hodges obtained, and for entry of judgment on same. Having vacated the $150,000.00 judgment, all other issues are pretermitted as moot.

## V. Conclusion

For the foregoing reasons, the trial court's order substituting Ms. Wall is affirmed. The trial court's $150,000.00 judgment is vacated, and the case is remanded to the trial court for such further proceedings as are necessary and consistent with this opinion, including, but not limited to, a calculation of an attorney's fee award based on the $400,000.00 settlement offer obtained by Attorney Hodges, and for entry of judgment on same. Costs of the appeal are assessed one-half to the Appellants, Araceli Cordova, Yaretsi Garcia Cordova, and Alfredo Garcia Cordova, and one-half to the Appellee, Rachel H. Wall. Execution for costs may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE
